Bernard S. Meyer, J.
In this action under article 15 of the Real Property Law, defendant moves for summary judgment. Plaintiff acquired title by purchase from the prior owner; defendant by tax deed. The property is located in Suffolk County. On the submitted affidavits, there appears to be no dispute as to the facts. Plaintiff took delivery of bis deed from the prior owner on January 18,1956. On December 1, 1955, the 1955-56 taxes became a lien on the property. Defendant purchased the tax lien on November 26,1956 and took delivery of a Sheriff’s deed on January 28,1960, recording it on February 11, 1960. Plaintiff commenced this action on June 27,1960. Defendant, having counterclaimed for clear title in his own name, moves for summary judgment. The plaintiff alleges and defendant does not deny that the tax bills received by plaintiff in the four years subsequent to his purchase did not have stamped thereon the word “ arrears,” as required by the Suffolk County Tax Act (L. 1920, ch. 311, as amd.), to indicate prior unpaid taxes. Plaintiff submits an affidavit from the Chairman of the Board of Assessors of the Town of Southampton, not contraverted by defendant, to the effect that the tax rolls of the town did not have stamped thereon the word “ arrears ” for the years subsequent to purchase by plaintiff, nor even for the year 1955-56, the year in which unpaid taxes provided the basis for the tax sale herein.
The sole issue in this case is whether the absence of the word “ arrears ” from the tax bills received by plaintiff and from the tax rolls of the Town of Southampton invalidates the tax lien *232 proceedings and the tax lien sale. The applicable statute is the Suffolk County Tax Act, it being expressly provided in section 1606 of the Real Property Tax Law that that law ‘ ‘ shall not be deemed to repeal or otherwise affect the provisions of any special or local law.” Section 53 of the Suffolk County Tax Act (L. 1920, oh. 311, as amd. by L. 1953, ch. 552) provides that: ‘1 Every such conveyance shall be attested by the county treasurer and the seal of the county treasurer attached thereto, and when so executed shall be presumptive evidence that the sale was regular, and also presumptive evidence that all proceedings prior to the sale, including the assessment of the lands sold, and all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and according to law. After three years from the date of record of any such conveyance in the Suffolk county clerk’s office, such presumption shall be conclusive.” Plaintiff, having commenced this action within a few months after defendant-recorded his tax deed, is not concerned with the three-year limitation period. He need only overcome the presumption of regularity arising from the conveyance. That presumption raises no bar but merely shifts the burden of proof to plaintiff. (Werking v. Amity Estates, 2 N Y 2d 43.) In the instant case, plaintiff has assumed that burden by presenting his tax bills and the affidavit of the Chairman of the Board of Assessors.
Sections 70 and 71 of the Suffolk County Tax Act require the stamping of the word “ arrears ” on tax bills and the tax rolls. The parties agree and proof is presented that this requirement was not met. That the failure to meet such a requirement renders a tax sale void is substantiated by Wallace v. McEchron (176 N. Y. 424) and People ex rel. Cooper v. Registrar of Arrears (114 N. Y. 19). Wallace v. McEchron (supra) involved section 27 of the Revised Statutes which required the Comptroller to give any person requesting it a statement of taxes due. The Comptroller having furnished a list which omitted the tax for which the property was sold, the court held (p. 427) “that where the default of the taxpayer is caused by the failure of the public officer or his clerks to render a proper statement of the unpaid taxes, a sale made for unpaid taxes omitted from the statement cannot divest the owner of his title.” In People ex rel. Cooper v. Registrar of Arrears (supra) which dealt with a similar provision of the Brooklyn City Charter, it was held (pp. 21-22) that: “ When a taxpayer calls upon the proper officer for a statement of all the taxes due from him, and receives a statement and pays all of the taxes included therein, and afterwards the land is sold for the non-payment of taxes in *233 arrear at the time the statement was furnished, but which were omitted from the statement by the neglect of the officer or his clerk, the title of the taxpayer is not divested by the sale.”
In the present case the bills in evidence prove that arrears were not entered on them and the affidavit of the chairman shows that the Board of Assessors failed to make the required notation of arrears either on the bills or on its own records. It is not necessary, therefore, to consider whether a failure to make such notation on the tax bills alone would render the sale void. Since it appears that the default of the taxpayer was caused by the failure of the public officer to carry out the duty imposed upon him by statute, plaintiff’s title has not been divested. Tax lien sales following prior irregularities have only been upheld where the defects were trivial (Blum v. Nassau Purch. & Bldg. Corp., 256 N. Y. 232 ; McCoun v. Pierpont, 232 N. Y. 66 ; Saranac Land & Timber Co. v. Roberts, 208 N. Y. 288), or where a Statute of Limitations presented an absolute bar (Mabie v. Fuller, 255 N. Y. 194 ; Moody v. Seabro Corp., 303 N. Y. 858 ; Mongaup Val. Co. v. Orange Rod & Gun Club, 280 N. Y. 582). But when the statutory requirements in issue were established to protect a property owner’s interest by giving him adequate notice, the defect is substantial and the sale invalid. Thus, tax deeds have been voided where requirements for publication were not explicitly observed (Olds v. City of Jamestown, 280 N. Y. 281 ; Seafire, Inc., v. Ackerson, 302 N. Y. 668), where notices of the time and place for tax collection were not properly posted (Werking v. Amity Estates, 2 N Y 2d 43, supra), where the description of the property taxed and sold was so inaccurate as to be misleading (Kiamesha Development Corp. v. Guild Props., 4 N Y 2d 378 ; Moody v. Seabro Corp., supra) and where the property owner had in fact paid the tax (Cameron Estates v. Deering, 308 N. Y. 24).
The court, therefore, finds that the presumption of regularity has been overcome, that failure to comply with sections 70 and 71 of the Suffolk County Tax Act is a substantial, not a trivial, defect, depriving plaintiff of essential notification of the unpaid taxes, and that the purported tax sale was void. There being no triable issue of fact, defendant’s motion for summary judgment is denied on the law and, as permitted by subdivision 2 of rule 113 of the Rules of Civil Practice, plaintiff is awarded summary judgment dismissing defendant’s counterclaim and invalidating the tax lien sale and deed.