D. Ormonde Ritchie, J.
This is a motion by plaintiff in a consolidated action for an order striking the defendants ’ answer to plaintiff’s complaint in an action in ejectment, dismissing the complaint of the defendant Patchogne Homes Corp. in an action commenced by that defendant to bar claims adverse to that of Patchogue Homes Corp. to title to real property which is the subject matter of both actions, and canceling a tax deed issued by the County Treasurer of Suffolk County conveying title to the property to the plaintiff Erlwein, and granting summary judgment in favor of plaintiff.
The sole issue before the court, resolution of which will be determinative of both actions, is whether the requirements of the Suffolk County Tax Act (L. 1920, ch. 311, as amd.) to effect a valid tax sale of the property have been met.
The papers reveal that Patchogue Homes Corp. acquired title to the property on February 17, 1956. The second half of taxes assessed against the property for the year 1955-56 were unpaid. The plaintiff was the purchaser at the tax sale held in November, 1956, for unpaid taxes for the year 1955-56. There was no redemption by Patchogue Homes Corp. from that sale. On May 16, 1960, the County Treasurer of the County of Suffolk executed and delivered a tax deed describing the subject property to plaintiff who thereafter, and on May 20, 1960, recorded the deed in the office of the County Clerk of Suffolk County. All taxes assessed against the property subsequent to 1955-56 have been paid by the defendant Patchogue Homes Corp.
On April 11,1963, plaintiff commenced an action in ejectment against the defendants. On May 15, 1963, the defendant Patchogue Homes Corp. commenced an action pursuant to article 15 of the Real Property Law to compel a determination of claims to the subject property. By an order of this court granted December 10, 1963, the actions were consolidated and Erlwein was nominated plaintiff in the consolidated action.
It is the contention of the defendants that the conveyance by the County Treasurer to plaintiff is a nullity by reason of a failure to comply with the provisions of sections 70 and 71 of the Suffolk County Tax Act in effect on the date of the tax sale conducted in November, 1956, for the unpaid taxes for the year 1955-56. Section 70 (added by L. 1929, ch. 152; prior to amendt. by L. 1959, ch. 745) provided: “ County treasurer to furnish supervisors with list of arrears. The County treasurer shall make a complete list of all taxes and assessments in *709 arrears and shall file with each town supervisor, on or before the first day of September of each year, a list of all arrears of taxes and assessments on property in such town. All sales of property for nonpayment of taxes or assessments shall be considered arrears and be included in such list until the deed has been given as herein provided or until the property is foreclosed and notice hereof is received by the county treasurer as provided in section sixty-two thereof. The supervisor of each town shall thereupon place in a column provided therefor the word “ arrears ” after the description of each parcel of land as shown on the above mentioned list.” Section 71 (added by L. 1929, ch. 152) provided: 6 ‘ Bill of taxes to show arrears. There shall be a ruled column for arrears in every tax bill rendered for taxes for lots on which said arrears or assessments may be due, or may have been sold and are still redeemable, in which shall be written opposite the entry of the description of said lot or parcel of land ‘ Arrears ’ and at the bottom of said bill shall be printed ‘ Whenever any tax or assessment shall remain unpaid for six months from February first, the property will be sold to satisfy such arrears of taxes or assessment, and all taxes and assessments up to a day to be named in the advertisement of sale. The amount of arrears may be obtained from and paid to the county treasurer. ’ ’ ’
It has been clearly established that the bill rendered for the taxes on the subject property assessed for the year 1956-57 bore no notation of ‘ ‘ Arrears ’ ’. It is undisputed that the bills rendered for taxes on the subject property for the years 1957-58 and 1958-59 bore a notation of “ Arrears ”.
The plaintiff argues that the 1956-57 assessment rolls of the Town of Brookhaven were completed and closed on June 1, 1956; that the subject property was not sold for arrears until November 26, 1956; that the procedure of the Assessor of the Town of Brookhaven in completing and closing the assessment rolls on June 1, 1956, precluded indorsement of the notation ‘1 Arrears ’ ’ on the tax bills rendered and the assessment rolls prepared for the year 1956-57; and that in any event, the interpretation of the word “ Arrears ” as included in the applicable sections of the Suffolk County Tax Act means only those arrears that are established by a sale of the property for unpaid taxes.
The court does not agree with the plaintiff’s contentions.
The applicable sections of the Suffolk County Tax Act explicitly mandate the procedure required to effect a tax sale of realty. The sections as read and interpreted by the court are designed to accomplish a two-fold purpose. First and para *710 mount is the protection of the property owner. Second is the assurance that the municipality be guaranteed payment of taxes which provide the income required for the administration of functions enjoined by law upon public offices for the protection, health and welfare of the members of the municipality.
Section 5 of the Suffolk County Tax Act (L. 1920, ch. 311) states in part: “ The assessors shall complete the assessment roll on or before the first day of July of each year ”. The court acknowledges that latitude is allowed the Assessor in completing an assessment roll provided it is completed not later than July 1 in each year. The court does not find, however, that the latitude allowed by section 5 can operate to defeat the requirements of sections 70 and 71.
Herein it is apparent that the procedure adopted by the Assessor of the Town of Brookhaven in completing the Brook-haven assessment roll on June 1, 1956 was one that precluded compliance with the mandates of sections 70 and 71 of the Suffolk County Tax Act. Erroneous procedure, or procedure adopted that defeats the protection of owners in assurance of title validly acquired, cannot operate to divest such title. Strict compliance with the provisions of the sections permitting divestiture is required.
In these actions it is apparent that the mandatory provisions of sections 70 and 71 of the Suffolk County Tax Act pertinent to sales of real property for unpaid taxes have not been met with full compliance.
The failure to indorse the notation ‘ ‘ Arrears ’ ’ on the tax bills rendered for the year 1956-57 and to indicate that there were arrears of taxes on the subject properties on the Brook-haven assessent rolls for 1956-57 constitute defects in compliance with sections 70 and 71 of the Suffolk County Tax Act that compel invalidation of the sale to plaintiff (Ierna v. Maranzano, 28 Misc 2d 231).
Plaintiff’s motion is denied, and upon the facts as found and the authority granted by CPLR 3212 (subd. [b]) summary judgment is granted in favor of defendants.