(Republished.)

■ COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendant (ROOSEVELT HAYNES). COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendant (GOODWIN FRANKLIN). COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendant (JUAN BERRIOYSQ — Judgments in favor of plaintiffs, without costs and without disbursements. Opinion *Per Curiam* (26 A D 2d 325). Settle order on notice. Concur — Rabin, J. P., Stevens, Steuer, Capozzoli and Bastow, JJ.

## SECOND DEPARTMENT, NOVEMBER, 1966

## (November 7, 1966)

■ ROSINA COSTA et al., Respondents, v. JOSEPH HARRIS, Appellant.— In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to determine plaintiffs' title to certain real property in the Town of Brookhaven, defendant appeals from so much of (1) an order of the Supreme Court, Suffolk County, entered December 1, 1965, as granted in part plaintiffs' motion for summary judgment, i.e., only as to certain lots 36 and 37 and (2) the judgment of said court entered December 21, 1965 pursuant to said order, as adjudged that plaintiffs' title to said lots is valid, unencumbered, etc., and that a certain tax deed from the Suffolk County Treasurer to defendant is void as to said lots; and as contained provisions implementing said determination. Order and judgment reversed insofar as appealed from, without costs, and plaintiffs' motion denied as to lots 36 and 37, without prejudice to a motion *de novo* by plaintiffs subsequent to joinder of the County Treasurer as a party. Plaintiffs have grounded their claim of title on the fact that the failure to comply with sections 70 and 71 of the Suffolk County Tax Act (L. 1929, ch. 152, as amd. by L. 1959, ch. 745), which require notation of " arrears " on tax bills subsequent to a tax sale and during the period of redemption, voids the sale and deed (see *Proschuk* v. *Erlwein*, 22 A D 2d 1018; *Erlwein* v. *Patchogue Homes Corp.*, 43 Misc 2d 707; *Ierna* v. *Maranzano*, 28 Misc 2d 231). Since the County Treasurer is the official who makes and delivers tax deeds and since the county enjoys certain monetary rights under the tax sale herein involved which may be jeopardized by the voiding of that sale, it would appear to be necessary that the county be made a party. CPLR 1001 (subd. [a]) establishes the test for an indispensably necessary party as one " who might be inequitably affected by a judgment in the action " and CPLR 1003 *inter alia* directs that " Parties may be added or dropped by the court, *on motion of any party or on its own initiative, at any stage of the action*" (emphasis added). Since only briefs and no affidavits have been submitted on this point, it would be procedurally better if the parties institute such steps before Special Term as they deem advisable in accordance with this memorandum. Thus, full relief may be available in the judgment ultimately to be rendered. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.