William R. Geiler, J.
Motion for summary judgment pursuant to CPLR 3212.
A parcel of land, designated as Lot 143 on Lindenhurst Tax Map 103 and assessed to a George V. Spohrer, was sold to Thomas J. McGrath on December 1, 1965 for the unpaid taxes due thereon for the tax year 1964/65.
The 1965/66 and 1966/67 taxes on the subject property were paid by McGrath. However, only the 1966/67 payment of taxes was entered in the tax sales book kept by the Treasurer of Suffolk County. The entry read as follows: ‘ ‘ 1966-67 taxes paid by pur. $468.86 7/6/67 (noted 7/7/67).”
No entry was made in the tax sales book indicating that the 1965/66 taxes were paid by the tax sale purchaser.
The plaintiff, primarily engaged in the business of making guaranteed real estate tax searches, was requested by a title insurance company to make a tax search on the subject property some time in 1967.
Accordingly, the plaintiff by its employees caused a tax search to be made in the office of the County Treasurer of the County of Suffolk.
The plaintiff found that the parcel, designated as Lot 143 on Lindenhurst Tax Map 103, was sold to Thomas J. McGrath for unpaid taxes for the tax year 1964/65 (as vacant land) and that a tax sales certificate was issued to McGrath on December 1,1965.
The tax search also indicated that the property was assessed for the tax year 1965/66 as improved, and not vacant, and that the taxes of $442.32 due thereon were paid to the County Treasurer on June 29,1966.
Neither the official tax records of the Town of Babylon nor the tax sales book maintained by the County of Suffolk indicate that the tax for 1965/66 was paid by the tax sale purchaser.
*413 The only payment made by McGrath, as the tax sale purchaser, as shown and noted on the official tax records of the Town of Babylon and entered in the tax sales book of the County Treasurer were the taxes for the year 1966/67 in the amount of $486.68.
Thus, plaintiff’s examination of the tax sales book maintained by the County Treasurer indicated that only the 1966/67 tax was paid by the tax sale purchaser. Therefore, plaintiff certified to the title company that the only amounts necessary to redeem the subject property were those paid by the tax sale purchaser at the time of the tax sale and the taxes paid for the year 1966/67.
The title company, relying upon plaintiff’s certification, issued a title policy on the subject premises and collected the prior taxes from its policy holder accordingly.
Subsequently, the title company requested and received from the County Treasurer a redemption statement for the subject property. The statement not only included the taxes for the year 1964/65 and 1966/67 as noted in the tax sales book, but also included the taxes for the year 1965/66.
The plaintiff, which was obliged by reason of its contract with the title company to make good, paid the taxes for the year 1965/66 “ under protest ” and sued the County of Suffolk and the County Treasurer for the return of the money so paid.
The crux of plaintiff’s cause of action can be summarized as follows: That McGrath, at the time he made the payment to the Treasurer for the 1965/66 taxes, did not notify the County Treasurer that the said payment was being made by him in his capacity as tax sale purchaser as required by section 75 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1929, ch. 152, hereinafter referred to as S.C.T.A.). Therefore, McGrath is not entitled to the return of-the taxes paid for the year 1965/66.
The county, in addition to opposing plaintiff’s motion for summary judgment, has brought a third-party action against McGrath, to whom it paid the entire amount of the moneys received on account of the redemption. The tax sale purchaser did not answer and is in default.
The defendants have taken the following two positions on this motion:
1. That if the plaintiff is entitled to recover, because the Treasurer as a matter of law did not receive the “ notice ” from McGrath as was required by section 75 of the S.C.T.A., then the defendants should be entitled to recover over as against McGrath.
*414 2. That the plaintiff, if the court finds McGrath complied with section 75 of the S.C.T.A., is not entitled to recover because it should not have relied solely on the tax sales book maintained by the Treasurer.
The basic issue presented 'by this motion is whether or not McGrath notified the Treasurer that he was making a payment of taxes as the “tax sale purchaser ’ ’ in accordance with section 75 of the S.C.T.A.
Learned counsel for both sides agree that the facts are not in dispute and that only a question of law is involved. They also agree that this is a case of “first impression” and that the meaning of the ‘ ‘ notice ’ ’ provision of section 75 of the S.C.T.A., to their knowledge, has never been determined by a court.
Section 75 of the S.C.T.A. provides: “ Payment of taxes by purchaser; penalties thereon. The owner or holder of a certificate of sale of lots or parcels of real estate purchased at the tax sale, provided for herein, may at any time after annual return of taxes and assessments of the county treasurer by the receiver of taxes, pay to the county treasurer any such and older taxes or assessments as are a lien on such property; and the holder of such certificate making such payment of said taxes shall be entitled to and shall receive the full amount of the taxes thus paid with interest and penalties thereon from the date of payment at the same rate prescribed in section forty-five hereof, provided such purchaser shall have notified the county treasurer thereof immediately upon the payment of any such tax. Such taxes with the same interest and penalties thereon from the date of such payment as herein provided shall become a lien on said property and payable at the time of the redemption thereof, or out of the proceeds realized at the sale of said property under the foreclosure of the certificate of sale as provided in this act. ” (Added by L. 1929, ch. 152, in effect March 18, 1929.)
What is the purpose of section 75 of the 'S.C.T.A.? It is common knowledge that a great number of properties sold for delinquent taxes are redeemed within the statutory period provided. The Legislature, realizing this, felt that it would be inequitable for a tax sale purchaser not only to lose his tax sale purchase but also the tax money he has paid on account thereof. Therefore, the tax sale purchaser was given the right, in the event of a redemption, to recover the money he paid with interest. However, the County Treasurer would have the enormous burden of making certain that all tax money paid by the tax sale purchaser was returned. In effect, the Treasurer would act as a guarantor. The Legislature, realizing this, provided *415 that the tax sale purchaser as a condition precedent to exercising his right to repayment, must notify the County Treasurer of any payment of taxes by him in his capacity as tax sale purchaser. Thus, the Legislature, in addition to giving the tax sale purchaser the right to recover the tax moneys paid by him, in the event of redemption, also imposed a corresponding obligation upon him.
What type of notice is required? Is it enough to send a check to the Treasurer for the taxes? Is oral notice sufficient?
It is a general rule that the sufficiency of a notice given pursuant to a statute which fails to prescribe the contents of such notice must be tested in the light of the purpose of the act (Matter of Weinz, 59 N. Y. S. 2d 576).
The Legislature did not intend this provision to be a source of litigation. They did not wish to see each case of redemption wind up as a question of fact as to whether or not the Treasurer received the appropriate notice from the tax sale purchaser.
Therefore, the notice contemplated by section 75 of the S.C.T.A. is that notice which would make the County Treasurer aware, beyond question, that the payment was being made by a person in his capacity as a tax sale purchaser. In other words, that type of notice which would or should make the County Treasurer note on the records open to the public that the payment of taxes on a particular piece of property was made by a person in his capacity as a tax sale purchaser.
There is no doubt, therefore, that the notice required under section 75 of the S.C.T.A. must be in writing (Pearson v. Lovejoy, 53 Barb. 407; 35 How. Pr. 193). It is equally clear that the writing must contain a statement that the payment is being made by a person not in his individual capacity, but in his capacity as a tax sale purchaser. McGrath has admittedly failed to do so.
The court would be remiss if it did not comment on the second position advanced by the county.
The court recognizes that the S.C.T.A. does not indicate how the Treasurer should go about keeping his records with reference to the taxes paid by a tax sale purchaser. However, the Treasurer has always kept a tax sales book in which he indicated when the taxes were paid by the tax sale purchaser. He acknowledges that people searching the Treasurer’s records, whether they be expert or laymen, rely upon the tax sales book prepared and kept by him. He knows that the public regards this book as gospel and he has done nothing to indicate otherwise.
*416 The Treasurer, by his own action is estopped from disputing plaintiff’s right to rely upon the tax sales record book.
Plaintiff is entitled to recover on its cause of action against the defendants and the defendants, since the tax sale purchaser has defaulted, are entitled to judgment over against the tax sales purchaser.