George F. X. McInerney, J.
At a pretrial conference on February 24,1972, it was agreed that the posture of the action should be that of a motion for a declaratory judgment on the part of the plaintiff, and a motion to dismiss the complaint on the part of the defendants. The motion for a declaratory judgment in accordance with the complaint is granted and the motion to dismiss the complaint is denied.
This is an action brought pursuant to article 15 of the Real Property Actions and Proceedings Law to determine title to a parcel of real property located in the Town of Babylon, County of Suffolk and State of New York.
The plaintiff claims ownership of the premises as the surviving joint tenant named in a registration certificate filed in the office of the County Register.
*884 The defendant County of Suffolk claims ownership of said premises by virtue of a tax deed delivered by the defendant County Treasurer to the defendant County of Suffolk on January 11, 1971, which deed was thereafter recorded and memorialized on the registration certificate.
The plaintiff seeks to have the said deed to the defendant County of Suffolk canceled and annulled of record. ■
The attorneys have presented their material in a very clear and orderly manner and their arguments shall be discussed in the same order and are in the nature of four major contentions.
The holding in Matter of Gould Realty Co. v. Reutershan (284 N. Y. 540), as to the Suffolk County Tax Act, stated that the plain intention of the Legislature was to provide a complete and exclusive system for the collection of taxes and assessments by sale in Suffolk County and for the cancellation of tax sales when proper ground for such cancellation is shown.
Section 71 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd.) reads as follows: “ § 71. Bill of taxes to show arrears. There shall be a ruled column for arrears in every tax bill rendered for taxes for lots on which said arrears or assessments may be due, or may have been sold and are still redeemable, in which shall be written opposite the entry of the description^! said lot or parcel of land ‘ Arrears ’ and at the bottom of said bill shall be printed ‘ Whenever any tax or assessment shall remain unpaid for six months from February first, the property will be sold to satisfy such arrears of taxes or assessment, and all taxes and assessments up to a day to be named in .the advertisement of sale. The amount of arrears may be obtained from and paid to the county treasurer. ’ ’ ’ (Added by L. 1929, ch. 152, eff. March 18, 1929.)
The tax bills for 1966/67 for the year of the sale and for 1967/ 68 the following tax year show that there was no ruled column for the word “ arrears ”, The bills for the tax year 1968/69 had a ruled column for the word “ arrears ” opposite the description of the lot or parcel of land. According to section 71 this was mandatory and should have appeared on the 1967/68 tax bill opposite the description of the property. This by itself would nullify and cancel the legality of the tax deed.
In Stebila v. Mitrany (N. Y. L. J., Dec. 24, 1965, p. 10, cols. 5, 6 [Suffolk County]) Justice G-lickman stated the following: 11 The court is satisfied from the facts disclosed in the papers that plaintiffs were afforded adequate notice and opportunity to make timely payments of the arrears and thus avoid the issuance.' by the county treasurer of the deed which is the subject of *885 this action. However, sympathetic as the court is to the contentions of defendant, it is constrained to hold that the failure to note 1 arrears ’ on the tax bill of 1958-1959 is sufficient in law to invalidate the tax sale and tax deed. In reaching this conclusion, the court is guided by decisional law contained in the cases of Ierna v. Maranzano (211 N. Y. S. 2d 616; Erlwein v. Patchogue Homes Corp’n., 43 Misc. 2d 707, 252 N. Y. S. 2d 220, and Proschuk v. Erlwein, N. Y. L. J., July 31, 1964, p. 8 col. 5, aff’d. 22 A. D. 2d 1018, leave to appeal denied 15 N. Y. 2d 486). In the last mentioned case, Justice Munder of this court, in granting .summary judgment declaring invalid a tax sale and deed for omission of the word 1 arrears ’ on a subsequent tax bill, held that the provisions of sections 70 and 71 of the Suffolk County Tax Act are mandatory and require strict compliance.”
Justice GrLioKMAn’s decision was affirmed in the Appellate Division (26 A D 2d 940), and the Court of Appeals (21 N Y 2d 930).
To the same effect see the unreported case of Rogers v. Pact Realty Corp. (Index No. 164335/68, Suffolk County, mod. 32 A D 2d 929, affd. 26 N Y 2d 872).
Concerning the statement to be printed at the bottom of the tax bill, the act does not state that it must be printed on the front of the bill. The back of the bill was not blank but contained other matter.
Sections 40 and 70 of the Suffolk County Tax Act were poorly conceived and written. The lists of properties sold for taxes should be filed with each Town Supervisor by September 1 even though the County Treasurer had until December 15 to hold his sale. The Supervisor was then to mark the word “ arrears ” after the description of each parcel of land shown on the list where appropriate. This created an impossible situation where sales were held late in the six-month period which started June 15. However, it is not up to the court to legislate in this situation. That is the function of the Legislature.
Whether the statement specified in section 71 may legally be printed on the back or the front of the tax bill is unimportant in this case as the statement was deficient in form. It contained the words “ tax lien” not “ property. ” Obviously there is a vast difference. (.See Beal Property Tax Law, § 102, subds. 12 and 21.)
The court holds that section 71 must be strictly construed in view of the very severe penalties to a delinquent taxpayer and the case law as to its interpretation. (See Asphalt Assoc. v. Rand, unreported decision dated June 24, 1971, Index No. 162650 *886 [Suffolk County]; Ierna v. Maranzano, 28 Misc 2d 231; Stebila v. Mitrany, N. Y. L. J., Dec. 24, 1965, p.10, col. 5, supra; Erlwein v. Patchogue Homes Corp., 43 Misc 2d 707, supra; Rogers v. Pact Realty Corp., supra.)
“ Where any doubt exists as to the meaning and application of a tax statute, it must be resolved.in favor of the taxpayer.” (Matter of Wood, 187 Misc. 972, 977.) ;
The plaintiff concedes for the purpose of this action and with respect to the second cause of action set forth in its complaint, that there was no proof to substantiate its claims that the County of Suffolk did not offer said premises for public bidding at the lax sale held for the year 1966/67, nor that the county withdrew "said parcel from its .sales for the ensuing years. In view of this concession it is not necessary to analyze the decision of Justice De Luca in Harris v. Jacobs (69 Misc 2d 4).
There is no question but that the county acted in a proprietary capacity and its/rights are no different than those of an individual in its power to acquire and hold lands sold at tax sale. (Real Property Tax Law, § 1008, subd. 1; County of Herkimer v. Village of Herkimer, 251 App Div. 126, affd. 279 N. Y. 560.)
Quoting from Matter of Grumman Aircraft Eng. Corp. v. Board of Assessors of Town of Riverhead (2 N Y 2d 500, 510): “ In dealing with the applicability of tax statutes, it is' a basic rule not ‘ to extend their provisions, by implication, beyond the clear import of the language used ’ (American Locker Co. v. City of New York, 308 N. Y. 264, 269). In case of doubt, they are to be construed more strongly against the Government and in favor of the citizen (Gould v. Gould, 245 U. S. 151, 153; Matter of Good Humor Corp. v. McGoldrick, 289 N. Y. 452). ”
Reading this quotation in conjunction with section 47 of the Suffolk County Tax Act it is clear that the county should have made its payment of the bid price to the County Treasurer just as any other purchaser would have-done. This it apparently did not do but made a single bookkeeping entry only.
Mazzei Tax Searching v. County of Suffolk (57 Misc 2d 411) is not pertinent to the issues in this case.
The County Treasurer failed to comply with subdivision 1 of section 52 of the Suffolk County Tax Act (as amd. by L. 1958, eh. 960) and subdivision 1 of section 1014 of the Real Property Tax Law.
The Court of Appeals stated in London v. Hammel (27 N Y 2d 630, 631): “Section 75 of the Suffolk County Tax'Act, authorizing a tax sale purchaser to pay taxes on the property not paid by the owner of record, requires that these taxes, plus interest and *887 penalties, be paid by the owner of record at the time of' redemption (see, also, Real Property Tax Law, § 1010, subd. 1, par. [a] ). The failure of the County Treasurer to include this additional sum in the published notice, when the payment of taxes by the purchaser was already known to him at the time of publication, is a substantial deviation from the mandate of the statute. The statutory provision, for the benefit of the owner, should be strictly construed in his favor, even if he may have eventually received notice of the correct amount by methods other than required by the statute. The tax deed is, therefore, void, and the owner .should be permitted to redeem the property. (Cf. Rogers v. Pact Realty Corp., 26 N Y 2d 872; Stebila v. Mitrany, 21 N Y 2d 930; Clason v. Baldwin, 152 N. Y. 204, 209-211.) ” (See Erlwein v. Patchogue Homes Corp., 43 Misc 2d 707, supra.)
No consideration was actually paid in accordance with section 53 of the Suffolk County Tax Act and accordingly the deed to the county was void.
Discussion of the other points in defendants’ brief is not necessary to the court’s holding.