■ ALICE S. BURDEN, Individually, as Coexecutrix of OLIVER DUDLEY BURDEN, Deceased, and as Parent and Natural Guardian of CECILIA L. BURDEN and Another, Infants, et al., Respondents, v MAX-MOR DEVELOPMENT CO., INC., Appellant, and TOWN OF DEWITT et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: In a proceeding under article 15 of the Real Property Actions and Proceedings Law to determine adverse claims to a 22.5-acre parcel of land in the Town of DeWitt, Onondaga County, Special Term granted plaintiff's (Burden) cross motion

for summary judgment and denied defendant's, Max-Mor Development Co. (Max-Mor) similar motion upon a finding that when Max-Mor acquired the property in question it failed to comply with the provisions of section 6 of the Onondaga County Tax Act (L 1971, ch 1092, § 1). We agree. The property was previously owned by Oliver D. Burden who died on October 27, 1960. His will devised the property to plaintiffs, his widow and children. The taxes on the property were paid through the tax year 1969. The Town of DeWitt apparently mailed 1967-1969 tax bills to Mrs. Oliver D. Burden (decedent's widow) at the Sonoma Country Club, Boyes, Hot Springs, California, Box 127. The tax bills were returned marked "addressee unknown, moved, etc.". The taxes for these years were paid on Mrs. Burden's behalf, however, by check from the Saunders Trust, Honolulu, Hawaii. In 1970 the Receiver of Taxes of DeWitt caused the property to be listed—"Burden, Oliver D. Mrs., Address Unknown". Subsequent to 1969 no tax bill was mailed. On October 1, 1970 the county took a tax sale certificate to the premises for $979.99 which represented the amount of unpaid taxes and interest. On January 30, 1973 the tax sale certificate was assigned and sold to Max-Mor which obtained a quitclaim deed on December 13, 1973 from the county. The record reveals that Max-Mor failed to give notice to any of the plaintiffs prior to its receipt of the tax deed from the county. Max-Mor contends that as holder of a tax sale certificate for the property in question it cannot be held to be in violation of the notice requirements of the Onondaga County Tax Act since there was no address listed on the current tax records to which it could send the notice. It contends that it relied upon the accuracy of the municipal records and did all that was required under the statute. Strict compliance with the statutory notice and filing requirements imposed upon a tax sale is a prerequisite for the purchaser to obtain good title as against the record owner (*Weinstein v All State Credit Corp.,* 31 NY2d 835; *Matter of Vivenzio v City of Utica,* 58 Misc 2d 571, affd 33 AD2d 657). The statute provides that a tax sale purchaser first receive a tax sale certificate. During the six-month redemption period that follows and before the owner of the tax sale certificate is entitled to obtain a tax deed, such tax sale certificate owner "shall serve a notice to redeem by certified or registered mail, return receipt requested, upon the record owner, mortgagee, if any, and occupant, if any, of the real property affected by said tax sale certificate by mailing the same to him using the name and address as it appears on the records of the town tax collector of the town in which the property is located and the records of the Onondaga county clerk's office". If the real property described in the notice to redeem is not redeemed within the six-month redemption period "the commissioner of finance shall upon written application and the surrender of the certificate of tax sale *together with proof by affidavit of service by certified or registered mail of the notice to redeem,* execute and deliver the conveyance to the purchaser as hereinbefore set forth" (Onondaga County Tax Act, § 6) (emphasis supplied). Max-Mor failed to serve by certified mail a notice of redemption and failed to file an affidavit of service by certified mail of such notice of redemption. Not only did Max-Mor fail to comply with the notice and filing requirements of the act but it also appears that it never took any affirmative step to comply with these requirements. The statute requires that the tax sale purchaser send notice to the address as it appears on the "records" of the town tax collector and on the "records of the Onondaga county clerk's office" (§ 6). Appellant's argument that it was impossible for it to comply with the statute is without merit since reliance only upon the most recent town tax roll is insufficient to meet the requirement that the tax sale purchaser also

make inquiry into the records of the Onondaga county clerk's office. A search of the tax rolls prior to 1970 would have revealed plaintiff's address. Further, Max-Mor made no attempt to locate plaintiff's address from its agent bank who had paid the taxes on Burden's behalf for several years up to 1969. The agent bank's address was available in the records of the Onondaga County clerk's office. Absent proper compliance with the notice and filing requirements of the Onondaga County Tax Act, Max-Mor's tax deed was properly set aside (cf. *London v Hammel,* 27 NY2d 630). Summary judgment was also appropriately granted to Burden, determining their ownership of the parcel upon payment by them of certain specified sums of money to appellant Max-Mor. (Appeal from order of Onondaga Supreme Court—summary judgment—Real Property Actions and Proceedings Law, art 15.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.