■ ARTHUR J. MURPHY, Appellant, v HENRY KASSAY, Respondent. (Action No. 1.) ARTHUR J. MURPHY et al., Individually and as Guardians of ANTHONY MURPHY et al., Appellants, v HENRY KASSAY et al., Respondents. (Action No. 2.)—Appeal from a judgment of the Supreme Court, entered April 12, 1978 in Greene County, upon a verdict rendered at a Trial Term, in favor of defendants, dismissing plaintiffs' complaint in each action. We are here concerned with two actions. In Action No. 1, plaintiff seeks a mandatory injunction permitting him to remove certain property of his from premises controlled by defendant. Action No. 2 was brought pursuant to article 15 of the Real Property Actions and Proceedings Law to declare a certain tax deed issued by the County Treasurer of Greene County to defendant Kassay null and void. Appellant purchased an old church building in 1960. In 1969, he was aware that his 1967 and 1968 real property

taxes were due and unpaid. Thereafter, on March 19, 1969, respondent Kassay, at a tax sale, brought the certificate to the property. The final deed was issued to him on March 20, 1972. When appellant became aware of the final deed and was unable to recover the property, he instituted the instant actions. After a jury trial, a verdict in favor of respondents was rendered. This appeal ensued from the judgment entered thereon, and appellants raise several issues urging reversal. There is testimony in the record that on September 15, 1969, appellant sent his 18-year-old son to the Greene County Treasurer's office to make a payment on the unpaid taxes. He gave his son a blank check. The son testified that he told the clerk he was there to pay the old taxes on the church building, that she told him an amount and that he wrote that amount on the check. It developed that the clerk gave him the amount due on the 1968 taxes and did not include the taxes for 1967. The clerk did not testify at trial. Subsequently, as previously stated, the property was sold to respondent Kassay. In the charge to the jury, the court stated, in substance, that the issue to be determined was whether appellant did what a reasonably prudent taxpayer would have or should have done under the circumstances. This was clearly error. Appellant, however, took no exception to the charge. On this appeal, he contends that since nonpayment was due to the clerk's failure to render a proper statement of the taxes due, the subsequent sale cannot divest him of his title. Initially, we point out that even though appellant failed to except to the charge, such failure does not deprive this court of the power to correct the error in the interest of justice (*Martin v City of Cohoes*, 37 NY2d 162). The clear issue, in our view, was whether the clerk in the Greene County Treasurer's office failed to render a proper statement of the unpaid taxes upon request. Concededly, if all the taxes had been paid on March 15, 1969 there would have been no tax sale. It is well established that if the default in payment of taxes is due to the failure of the public officer to render a proper statement of the unpaid taxes, then a subsequent sale does not divest the taxpayer of his title (*Wallace v McEchron*, 176 NY 424). This is particularly so where, as here, the appellant made some effort to pay his delinquent taxes prior to the issuance of the tax deed (see *Van Wormer v Giovatto*, 46 NY2d 751, 753). Considering the record in its entirety and in light of the law's traditional abhorrence of a forfeiture of property, we are of the opinion that, in the interests of justice, the judgment should be reversed and a new trial granted. In view of this determination, it is unnecessary for us to consider the various other issues raised by the parties. Judgment reversed, on the law and the facts, and in the interest of justice, and a new trial ordered with costs to abide the event. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.