*228 OPINION OF THE COURT
Theodore A. Kelly, J.
This is a CPLR article 78 proceeding to direct respondent county treasurer of Rockland County to execute and deliver deeds to petitioners who hold tax lien certificates resulting from a tax sale held by respondent on October 24, 1973. The intervenors, the record owners of three of the subject parcels, were granted leave to intervene in this proceeding by an order of Justice Beisheim. They oppose the application and have cross-claimed against respondent for cancellation of the sale. Intervenors 'Ada Mae Kane and George C. Gerlach, Jr., now move for summary judgment dismissing the proceeding. The remaining intervenors cross-move for summary judgment. ■
Petitioner Milton Aronauer purchased the following parcels at the sale: (a) Parcel No. 37, Town of Clarkstown, map description 7-C-8.01-33 for $60.74; and (b) Parcel No. 294, Town of Clarkstown, map description 98-B-20 for $398.87; and (e) Parcel No. 1533, Town of Ramapo, map description 23-10 for $448.15.
Petitioner Stephen Hunter, Inc., purchased the following parcels: (a) Parcel No. 5, Town of Clarkstown, map description 119-A-9 for $26.10; and (b) Parcel No. 142, Town of Clarkstown, map description 35-B-23 for $1,679.44.
The intervenors Robin Bell and Barbara Mary Bell are the record owners of Parcel No. 294. George C. Gerlach, Jr., and Ada Mae Kane own Parcel No. 142. Vito Virga owns Parcel No. 1533.
In November, 1976 petitioners presented their tax lien certificates and the required fees to respondent. Petitioners requested that respondent issue deeds for the respective parcels, claiming that the period of redemption had expired. Respondent then discovered that section 1022 of the Real Property Tax Law had been amended (L 1976, ch 355, § 5), effective June 15, 1976. Subdivision 1 of section 1022 extends the period of redemption for parcels which are actually occupied by any person to 36 months after the sale. The normal period of redemption is one year after the sale (Real Property Tax Law, § 1010, subd 1). The amendment *229 required the county treasurer to serve an additional notice upon the occupant or record owner by certified mail not less than 30 days nor more than 60 days before the redemption period expired. Respondent then sent the five property owners in question an additional notice. Four of the owners, including the intervenors, then paid their taxes. The fifth tendered payment to respondent who returned the check pending the outcome of this proceeding. Respondent concedes that all payments were made after the expiration of the redemption period.
Petitioners argue that the issuance of tax deeds is a ministerial duty imposed upon the county treasurer under section 1018 of the Real Property Tax Law which provides as follows: “1. If any parcel of real property sold for taxes is not redeemed within the time limited as provided in section ten hundred ten of this chapter, upon application in writing the county treasurer shall execute to the purchaser a conveyance of the real property sold, the description of which shall include a specific statement of the title or interest thereby conveyed, so far as appears on the record in his office.”
During the period relevant hereto, the county treasurer was required to publish a notice once a week for six successive weeks at least three months before the end of the one-year redemption period showing the lands sold and the amounts required for redemption (Real Property Tax Law, § 1014, subd 1). Proof of publication was to be filed in the office of the county treasurer and in the office of the county clerk within 20 days after the last publication (Real Property Tax Law, § 1014, former subd 3). Effective June 15, 1976 the county treasurer was also required to mail a statement containing similar information to the owner or occupant of the subject parcel not less than 14 days prior to the first publication (Real Property Tax Law, § 1014, subd 3, as added by L 1976, ch 355, § 4). The intervenors allege that respondent did not comply with these provisions.
A conveyance by the county treasurer pursuant to section 1018 vests the grantee with an absolute estate in fee subject, however, to the additional redemption rights provided in section 1022 for occupied property or to cancellation by *230 the treasurer (Real Property Tax Law, § 1020, subd 1). In Rockland County the conveyance is presumptive evidence that the action and all proceedings therein and prior thereto, all notices required by law, service of all papers, regularity of service of notice to redeem and affidavits of service in connection therewith were regular and in accordance with the relevant provisions of law (Real Property Tax Law, § 1020, subd 4).
As hereinbefore stated, the redemption period for property which is in the actual occupancy of any person is extended to 36 months from the date of the sale (Real Property Tax Law, § 1022, subd 1). However, where the purchaser has received a conveyance of the property from the county treasurer pursuant to section 1018, he may reduce the 36-month redemption period by serving written notice upon the occupant within one year from the expiration of the normal one-year redemption period (Real Property Tax Law, § 1022, subd 2). The notice must state the sale and conveyance of the property, the person to whom made, the amount required for redemption and that unless such amount is paid to the county treasurer for the benefit of the grantee within six months from the filing of the evidence of service of such notice, the conveyance will become absolute and the occupant will be forever barred from redemption; the conveyance cannot be recorded until the expiration of the time mentioned in such notice (Real Property Tax Law, § 1022, subd 3).
If the purchaser elects to serve such a notice, he must file a copy and proof of service with the county treasurer within 30 days. If the treasurer is satisfied that the proper notice has been served, and if the moneys required for redemption have not been paid within six months, he must then certify such facts. The conveyance which was previously made then becomes absolute and the occupant and all others are barred from redeeming the property (Real Property Tax Law, § 1022, subd 4).
The occupant, therefore, has six months from the filing of proof of service of the notice served by the grantee under subdivision 2 of section 1022 to redeem the property; if the grantee does not elect to serve such a notice or if he fails to file the evidence that he did. so, then the occupant may re *231 deem within 36 months from the date of the salé and not thereafter (Real Property Tax Law, § 1022, subd 1).
Section 1022, however, did not contain any provision for service of a notice of redemption by the county treasurer before expiration of the 36-month redemption period. The only provision for service of a notice was contained in subdivision 1 of section 1014 which required publication of a notice at least three months before the expiration of the one-year redemption period, and the subsequent amendment which required that such notice also be mailed. However, the provision regarding further notice was added to subdivision 1 of section 1022 as paragraph (b), effective June 15, 1976 (L 1976, ch 355, § 5). This is the provision of which the respondent was unaware. It reads as follows: “(b) Within thirty days of the filing of the evidence of giving the notice pursuant to subdivision four of this section, or, if notice is not given or evidence of the giving thereof is not filed, then at least thirty days, but not earlier than sixty days before the expiration of the thirty-six month redemption period the county treasurer shall send by certified mail, return receipt requested, to the name and address of the owner or occupant, as shown on the assessment roll, of each such parcel sold and unredeemed, a statement setting forth: (i) the sale and conveyance of the parcel, (ii) to whom made, (iii) the amount required for redemption, and (iv) that unless such amount is paid to the county treasurer for the benefit of the grantee or those claiming under him before the expiration of the six month period set forth in such notice or the expiration of thirty-six months from the date of the sale, whichever applies to such parcel, the conveyance previously made shall become absolute and the occupant and all others shall be forever barred from redeeming such real property. Proof of the mailing of such statement shall be filed in the office of the county treasurer and in the office of the county clerk at least twenty days prior to the expiration of the redemption period in any notice filed pursuant to subdivision four of this section or twenty days prior to the expiration of the thirty-six month redemption period whichever applies to the parcel concerned in any such mailed statement.” (Real Property Tax Law, § 1022, subd 1, par [b].)
*232 In case of failure to redeem within the time specified, the sale and conveyance becomes absolute and the occupant and all other persons are barred from redemption forever (Real Property Tax Law, § 1022, subd 1, par [c], as amd by L 1976, ch 355, § 5, formerly Real Property Tax Law, § 1022, subd 1).
It is this amendment which forms the basis of the present controversy. Petitioners argue that the amendment is inapplicable and that their rights should be determined on the basis of the law as it existed at the time of the tax sale, October 24, 1973. They further assert that the law is ex post facto and impairs their contractual rights. In addition, they allege that the notice was not served prior to expiration of the 36-month redemption period and that the delinquent taxes were paid after the redemption period had expired.
The intervenors contend that the respondent failed to timely serve them with notice of redemption prior to expiration of the 36-month redemption period and that he failed to file proof of such service. Respondent acknowledges these omissions. Intervenors also assert that the procedure employed by respondent in conducting the tax sale was improper for the following reasons:
(a) That the notice of sale failed to properly state the property owner’s name and meaningfully describe the property to be sold (Real Property Tax Law, § 1002, subd 2).
(b) That the notice of sale stated that the sale would be held at a place other than the Rockland County Courthouse (Real Property Tax Law, § 1002, subd 1).
(c) That the sale did not take place at the Rockland County Courthouse.
(d) That proof of publication of the notice of tax sale was not filed with the county clerk (Real Property Tax Law, § 1002, subd 3).
(h) That there was no proof presented of compliance with section 1054 of the Real Property Tax Law.
Intervenors Gerlach and Kane further assert that the redemption period was tolled on June 9, 1975 by reason of the death of George C. Gerlach, the former record owner, who devised the property to them under the terms of his *233 last will and testament. They further contend that the redemption period of 36 months is inadequate as to George C. Gerlach, Jr., since he is a known but unadjudicated incompetent person.
In the court’s view, the failure of the county treasurer to serve the intervenors with notice of redemption prior to the expiration of the 36-month redemption period requires that the sale, with respect to these parcels, be canceled. It is therefore unnecessary for the court to consider their other claims concerning alleged legal improprieties in the manner of conducting the sale.
The county treasurer may not convey any lands sold for taxes if he discovers before conveyance that the sale was for any reason invalid or ineffectual to give title to the property sold (Real Property Tax Law, § 1026, subd 1). Moreover, the issuance of such a deed would then create a presumption of regularity and shift the burden of proof as to the validity of the sale from the petitioners to the intervenors (Matter of Town of Brookhaven, 78 Misc 2d 499). Strict compliance with the statutory notice and filing requirements imposed upon a tax sale is a prerequisite for the purchaser to obtain good title against the record owner (Burden v Max-Mor Dev. Co., 53 AD2d 1047).
The parcels in question were sold on October 24, 1973. Since the intervenors have asserted that the parcels were occupied, and petitioners have failed to present any evidentiary facts to controvert these contentions, the period for redemption was 36 months from the date of the sale, instead of one year as provided in subdivision 1 of section 1010 of the Real Property Tax Law. The redemption period, therefore, expired on October 24, 1976.
There were no steps taken by petitioners to shorten the 36-month redemption period. Indeed, it does not appear that the petitioners could have utilized this procedure since it is available only to a purchaser who has received a deed from the county treasurer pursuant to section 1018 (Real Property Tax Law, § 1022, subd 2). Petitioners did not request their conveyances until November, 1976 when the 36-month period of redemption had expired.
In the interim, however, section 1022 of the Real *234 Property Tax Law was amended to require service of notice of redemption by the county treasurer. The amendment, which was clearly adopted to provide additional protection for delinquent taxpayers, required the county treasurer to serve notice of redemption at least 30 days before the expiration of the redemption period. The county treasurer failed to timely serve this notice because he was unaware of the amendment and did not learn of it until petitioners requested their deeds in November, 1976. However, it matters not that he was unaware of this change in the law. He was charged with compliance with the law extant (see Weinstein v All State Credit Corp., 31 NY2d 835). His issuance of deeds at that point would have cloaked the conveyances with a presumption of regularity, including regularity of service of notice to redeem when, in fact, he had failed to serve notices to redeem as required by the amendment and was unaware of this omission when the deeds were requested. His failure to have timely served the notices deprived the interveners of an opportunity to redeem their properties before the redemption period expired. In view of the fact that each of the property owners either redeemed or attempted to redeem within a short time after receiving notice from the county treasurer, it is reasonable to assume that they would also have done so had they received notice within the redemption period. They should not be made to suffer the forfeitures of their properties because of an administrative oversight.
In so holding, the court rejects petitioners’ arguments that the amendment constitutes ex post facto legislation and that it impairs their rights under a contract which arose when they purchased the subject properties at the tax sale. The ex post facto clause of the United States Constitution is applicable only to prosecutions for crimes (9 NY Jur, Constitutional Law, § 240). Such a claim obviously has no place in a civil proceeding such as this (see Town of Hempstead v Goldblatt, 19 Misc 2d 176, affd 9 AD2d 941, affd 9 NY2d 101). In addition, petitioners’ right to receive tax deeds to these parcels, whether they elected to apply for them within one year of the sale or within 36 months of the sale, were always subject to the owners’ rights of redemption or to possible cancellation by the county treasurer. *235 Petitioners, therefore, cannot be said to have obtained any-vested rights to a conveyance when they purchased the tax certificates in 1973.
Accordingly, the motion and the cross motions for summary judgment are granted and the tax sale, as it relates to the subject properties, is canceled. Respondent shall refund the purchase money and interest to the petitioners and issue his certificate of cancellation of the sale to the extent indicated. The petition is dismissed.