■ COUNTY OF WESTCHESTER, Plaintiff, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Defendant.—Submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222. The parties herein seek a declaration as to whether subdivision 3 of section 283.201 of the Westchester County Administrative Code (WCAC) supersedes section 1314 of the Real Property Tax Law, thereby rendering the latter section inapplicable to Westchester County. Subdivision 3 of section 283.201 of the WCAC (L 1948, ch 852, as amd) provides that: "in the case of a school district lying in more than one (1) town, the supervisors of the towns in which such school district lies shall apportion the school tax to the parts lying in their respective towns according to the full value of such property lying in each town, to be determined by the equalization rate for such town as fixed by the County Board for the assessment roll upon which such school tax is to be extended." Section 299.01 of the WCAC provides: "Every provision of the general laws of the State of New York applicable to the County of Westchester shall prevail where no similar or comparable provision is made by or can fairly be inferred from this act or the County Charter; but where inconsistent or conflicting with any provision of this act or the County Charter shall be

deemed superseded to the extent of such inconsistency or conflict." Finally, section 2006 (formerly § 1606) of the Real Property Tax Law as originally enacted by chapter 959 of the Laws of 1958 provides: "This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county, city or village-charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected." The State Board of Equalization and Assessment (SBEA) received requests to exercise its powers pursuant to subdivision 2 of section 1314 of the Real Property Tax Law to determine special equalization rates for towns lying in more than one district in Westchester County. SBEA has refused such requests upon the ground that pursuant to the county law (WCAC, § 283.201), the equalization rates must be determined by the county board. SBEA has correctly interpreted the relationship of the WCAC and section 1314 of the Real Property Tax Law.* As set forth herein-above, the WCAC specifically requires that as to school districts lying in more than one town the equalization rate is to be fixed by the county board. Section 1314 of the Real Property Tax Law provides that the SBEA may determine a special equalization rate in such circumstances. The provision of section 1314 for determination of the final rate by the SBEA directly conflicts with the reservation of such power to the county board and, accordingly, the SBEA lacks the power to determine the rates in such cases (Real Property Tax Law, § 2006). Plaintiff's apparent remedy is to amend its administrative code. It is a legislative rather than a judicial function. Further, this court's decision in *Matter of Town of Bedford v State Bd. of Equalization & Assessment* (70 AD2d 213, 218, mot for lv to app den 48 NY2d 610), is urged by the plaintiff as having determined that SBEA has jurisdiction in these multitown school district proceedings. However, as pointed out in that case, the issue was not then before us. Judgment granted in favor of defendant declaring that defendant is not presently authorized to determine a special equalization rate in accordance with the provisions of subdivision 2 of section 1314 of the Real Property Tax Law for real property located in school districts encompassing portions of more than one town in Westchester County. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.

---

* As pertinent, subdivision 2 of section 1314 of the Real Property Tax Law states: "If it is made to appear to the state board that the state equalization rate established by it for a city or town is inequitable as applied to real property within the school district in such city or town, it shall determine a special equalization rate for such city or town or for such real property, as the case may be, which shall be used for the sole purpose of equalization under this section."