OPINION OF THE COURT
Eli Wager, J.
The defendants in this action to compel the determination of a claim to real property (RPAPL art 15) seek an order vacating the default judgment which was entered against them on June 17,1983. The judgment decrees that the plaintiff (who had purchased a tax lien on defendants’ residence in February, 1979 for $650.43 and had been issued a tax deed on March 2, 1983), is the owner in fee simple and bars the defendants from any right, title or interest in the premises. An action to evict the defendants has been stayed by the District Court in order to give the defendants time to make this motion.
defendants’ case
As an excuse for their default, the defendants, who are 79 and 77 years of age, assert that they were served at their winter residence in Florida at a time when they were engrossed in the disruptive process of packing up to return *950 north. They did not read the papers because they assumed they were part of an unrelated collection effort by a bank whose claim they had previously contested. It appears that defendants (inadvertently) failed to pay the general tax due in 1978, that they always paid their bills in cash, that they had not before been in default and that they were unaware that they had failed to pay the full amount in 1978.
On the merits, defendants urge the invalidity of the tax deed. They assert that the tax bills issued in the years following the 1978 default failed to note the arrears as required by section 5-14.0 of the Nassau County Administrative Code. A letter from the Town of Hempstead’s Deputy Receiver of Taxes affirms the fact that the defendants did not receive notice of the arrears and states that, because the County Treasurer did not notify the town of the lien payment made by the plaintiff, her office did not “investigate/resolve the matter affording Mr. Hendrickson notification of the 1978 General arrears item on subsequent bills issued by our office.” Defendants assert further that the notice to redeem was not served on their adult son who occupied the premises during their winter sojourn in Florida. Finally, the defendants assert the unconstitutionality of the Nassau Administrative Code on the ground that it does not provide for notice of a tax sale to be given the taxpayer.
THE LAW
With respect to the defense that the subsequent tax bills failed to note the arrears, there is precedent for holding that a tax sale cannot divest a delinquent taxpayer of his title where the default was due to the failure of the public officers to render a proper statement of the unpaid taxes (Murphy v Kassay, 71 AD2d 696). However, the court noted that this was particularly true where the taxpayer had made some effort to pay the tax. Nevertheless, the Nassau County Administrative Code’s section requiring that tax bills show arrears (§ 5-14.0) provides as follows:
“There shall be a ruled column for arrears in every tax bill rendered for taxes on real property on which arrears may be due, or may have been sold and are still redeemable. In such tax bill there shall be written opposite the *951 entry of the description of any such lot or parcel of land the word ‘arrears.’ The word ‘arrears’ on the tax bill may indicate that the tax lien has been sold, or is to be sold for tax arrears. The failure to insert in such column the word ‘arrears’ in a proper case shall not:
“1. Give rise to a presumption that there are no arrears and shall not invalidate any tax or estop the county for enforcing the same by sale or otherwise, as provided by law.
“2. Cause the receiver of taxes to be personally liable at the suit of a person who may claim to have suffered damage by reason of the failure to make such insertion.”
The bill for the general tax levy sent to defendants in the year 1979 (following their default in paying the general tax due in 1978) not only does not contain the word “arrears” but also does not contain “a ruled column for arrears” as required by the section. The 1980 bill states that “if the word ‘arrears’ is printed here, see reverse side” but the word “arrears” is not stamped and there appears to be no “ruled column.” Courts construing a similar provision in section 71 of the Suffolk County Tax Act have held that an omission of the “ruled column” (see Devine v County of Suffolk, 71 Misc 2d 883) or the word “arrears” (see Hutch v Platt, 32 AD2d 925; Rogers v Pact Realty Corp., 32 AD2d 929, affd 26 NY2d 872, app dsmd, cert den sub nom. Jacobs v Rogers, 400 US 807 Proschuk v Erlwein, 22 AD2d 1018; Stebila v Mitrany, 26 AD2d 940, affd 21 NY2d 930) is a defect rendering a tax deed a nullity. Assuming that Nassau County could by legislative fiat validate a deed issued in the absence of the word “arrears” from the tax bill (cf. Dunkum v Maceck Bldg. Corp., 256 NY 275) as it attempts to do in subdivision 1 of section 5-14.0, the subdivision applies only to an omission of the word “arrears” and not to the requirement that arrears be shown in a “ruled column.” It thus appears that defendants may be able to prove upon a trial that the deed issued to plaintiff is invalid.
Service of a notice to redeem upon an “occupant” is required by section 5-51.0 of the Nassau County Administrative Code, a provision which has in other contexts been deemed jurisdictional (see, e.g., People v Ladew, 189 NY *952 355; Union & New Haven Trust Co. v People, 26 Misc 2d 831). Since such service is not required to be made upon all occupants when occupancy is shared with the owner-taxpayer (see Glantz v Scaduto, 96 Misc 2d 1004, affd sub nom. Sweet v Glantz, 69 AD2d 1025), the issue of whether the instant owners may be deemed not to be “occupants” during the portion of the year they are in residence at their second home in Florida would appear to be an issue of fact requiring a trial.
The defense that the Nassau County Administrative Code is unconstitutional because it contains no provision for notice of a sale (see Mennonite Bd. of Missions v Adams, 462 US_, 103 S Ct 2706) is without merit if the County Treasurer is bound by subdivision 4 of section 1002 of the Real Property Tax Law which requires the County Treasurer to mail such notice to owners or occupants as shown on the assessment roll. It appears that local provisions describing form and procedure are to be preferred to the general provisions of the tax laws (see, e.g., Real Property Tax Law, § 2006; Matter of Gould Realty Co. v Reutershan, 284 NY 540; County Securities v Seacord, 278 NY 34; Ierna v Maranzano, 28 Misc 2d 231; County of Westchester v State Bd. of Equalization & Assessment, 79 AD2d 777). Only when the local charter is silent as to form and procedure is resort to be made to the general tax laws (Stevens Med. Arts Bldg. v City of Mount Vernon, 72 AD2d 177). Since the Nassau County Administrative Code is silent with respect to notice of sale it appears that subdivision 4 of section 1002 of the State statute controls and the local code is, therefore, not unconstitutional. Whether or not the defendants were served with the required notice is not an issue on this motion (cf. Rinaldo v Stone, Supreme Ct, Nassau County, Feb. 27, 1984, index Nos. 26001/83, 26414/84, Levitt, J.).
Defendant’s additional defense that the affidavit of service of the summons and complaint in this action is defective since the jurat shows a date one month prior to the date of service is not a sufficient ground upon which a vacatur can be predicated; an improperly executed affidavit of service is a mere irregularity (Mrwik v Mrwik, 49 AD2d 750) which may be cured nunc pro tunc (Morrissey v Sostar, S.A., 63 AD2d 944).
*953 CONCLUSION
Fundamental to the validity of a tax sale is substantial compliance with law in all proceedings of which the sale was the culmination (Matter of Town of Brookhaven, 78 Misc 2d 499). A prerequisite for a purchaser to obtain good title is strict compliance with statutory notice requirements (Burden v Max-Mor Dev. Co., 53 AD2d 1047; Weinstein v All State Credit Corp., 31 NY2d 835). It is noted that the Nassau County Administrative Code contains its own “bar claim” provision which makes reference to the action to compel the determination of a claim to real property (now RPAPL art 15) but differs from that statute in that it permits a defendant to make satisfaction “as if no deed had been issued” and compels the plaintiff to afford a defendant that right. The elderly defendants in the instant case, who have lost their home because of an inadvertent failure to pay part of one year’s tax, were denied notice of that default required by statute to be shown on subsequent tax bills and the fact that their adult son was not served with a notice to redeem as required in the case of an occupant may upon a trial be found to be an additional defect in the proceeding. On balance, it appears that they should be afforded an opportunity to plead their right to redeem. It is noted further that the Statute of Limitations in section 5.54.0 of the Nassau Code has not expired and thus the presumption of regularity provided for therein is not yet conclusive.
Accordingly, the judgment entered on June 17, 1983 is vacated. Defendants shall serve their answer in the form annexed to the moving papers within 20 days after service of a copy of the order to be entered hereon.