In the Matter of GOULD REALTY Co., INC., et al., Appellants, against PAUL V. REUTERSHAN, as Deputy County Treasurer of the County of Suffolk, et al., Respondents.

Argued November 13, 1940; decided December 31, 1940.

*Morris Rochman* and *Charles H. Stoll* for appellants.

*Guy O. Walser* and *Howard J. Grace* for respondents.

LEHMAN, Ch. J.   For the years 1935–36, 1936–37, 1937–38, real property belonging to the appellants, in the town of Huntington, county of Suffolk, was assessed at $214,400. The taxes based on these assessments were not paid and, to collect the taxes, tax lien certificates upon the lands were sold as provided in the Suffolk County tax law (Laws of 1920, ch. 311, as amd.).   In July, 1939, the appellant Gould Realty Co., Inc., objected to these assessments on the ground that the description in the tax assessment rolls was insufficient.   Thereafter, on August 17, 1939, the Board of Assessors of the Town of Huntington executed a certificate of error, admitting the insufficiency of the descrip-

tion and certifying that the tax sales for the non-payment of the taxes for those years should be canceled and that the tax attempted to be imposed should be charged back to the town. The next day Gould Realty Co., Inc., petitioned the Board of Supervisors of the County of Suffolk for similar relief and on August 28th the Board of Supervisors passed a resolution canceling the taxes and the tax sales and directing that the amount of the taxes should be charged against the town of Huntington.

When, in July, 1939, the Gould Realty Co., Inc., made belated complaint concerning the description of its property in the assessment rolls for the years 1935–36, 1936–37, 1937–38, it also complained of the valuation placed upon the property for the years 1938–39, 1939–40 and, after certiorari proceedings had been brought to review those valuations, a compromise agreement was made in regard to the assessed valuation for those years. In accordance with that agreement, on November 9, 1939, the Board of Supervisors of Suffolk County passed a resolution which declared illegal the 1938–39 assessment and reiterated and affirmed its resolution of August 17, 1939, canceling the 1935–36, 1936–37, 1937–38 tax sales. Thereafter, acting upon the direction of the Board of Supervisors of the county, the County Treasurer canceled the tax sales.

Section 141 of the Tax Law (Cons. Laws, ch. 60) provides that:

" The department of taxation and finance is hereby authorized and empowered and shall, upon the application of any one whomsoever aggrieved thereby, set aside any cancellation of sale made by the comptroller, the department of taxation and finance, or by any predecessors in office, in any of the following cases:

" First. When such cancellation was procured by fraud or misrepresentation.

" Second. When it was procured by the suppression of any material fact bearing on the case.

" Third. When it was made under a mistake of fact.

"Fourth. When such cancellation was made upon an application which the comptroller, the department of taxation and finance or any predecessors in office, had no jurisdiction or legal right to entertain at the time of such cancellation."

In accordance with the provisions of section 158 of the Tax Law the County Treasurer now performs the duties in this respect imposed under the statute upon the Department of Taxation and Finance.

Pursuant to the provisions of the statute, Larremore V. V. Sweezy has made application to the County Treasurer to set aside the cancellation of the tax sales made by the County Treasurer under the direction of the Board of Supervisors of the County of Suffolk. The Deputy County Treasurer, acting in place of the County Treasurer, intends to hear and decide the application so made. A motion made by the appellants for an order restraining and enjoining the Deputy County Treasurer from proceeding under the application for cancellation of the tax sales, was denied at Special Term, and the order denying the motion has been affirmed by the Appellate Division by a divided court. The question presented upon that motion was not whether there is merit in the application for cancellation but whether the County Treasurer has jurisdiction to hear it (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379), and it sufficiently appears that the denial of the motion was based solely upon the conclusion of law that such power has been conferred by the Tax Law upon the County Treasurer. No other question may be considered upon this appeal.

The Suffolk County tax act provides that " The tax law shall apply and govern in all matters related to taxation in Suffolk county not inconsistent with the provisions of this act " (§ 32). The problem here presented is whether the special Suffolk County tax act has provisions inconsistent with section 141 of the general Tax Law.

In its original form the Suffolk County tax act made no provision for the collection of taxes and assessments by

sale and no provision for cancellation of any tax sale. At that time the provisions of the general Tax Law exclusively applied in that field and, when a tax sale was canceled, the cancellation of sale might be set aside in accordance with the provisions of section 141 of the same law. Thereafter, by chapter 152 of the Laws of 1929, a new article (2) entitled " Collection of taxes and assessments by sale " was added to the Suffolk County tax law. By section 66 of that article it is provided that " When it shall be discovered that the proceedings in levying any tax, or in making any assessment, have been so irregular as to render them illegal and void, the board of supervisors may annul them, or may annul all of them, subsequent to and including the irregularity, and such board may direct the board of assessors of the town in which said property is located to levy anew such tax or assessment, or such board may direct the proceedings anew from the point where the irregularity occurred." By section 3 of the amendatory statute (L. 1929, ch. 152) it is provided that " This act shall govern and control all tax sales held hereafter for nonpayment of taxes in Suffolk county."

By rigid construction of the letter of the statute it may be argued that section 66 does not provide for cancellation of a tax sale because of insufficient description of the property or provide for the setting aside of any cancellation of a tax sale which was made improperly or through mistake of fact unless error or irregularity in the levy or assessment of the tax made the tax sale void, and that though the amendatory statute expressly states that " this act shall govern and control all *tax sales,*" it does not provide that it shall also govern the setting aside of a cancellation of a tax sale. Such rigid construction would, however, thwart the plain intention of the Legislature to provide a complete and exclusive system for the collection of taxes and assessments by sale in Suffolk county and for the cancellation of tax sales when proper ground for such cancellation is shown. Section 141 of the Tax Law confers administrative power upon the Tax Department to set aside an act performed by the same

department under conditions there stated. It was never intended to give to an administrative officer power to review the propriety or validity of a determination made by a different officer or board, intrusted with discretionary powers, yet that would be the effect of a decision that section 141 of the Tax Law authorizes the County Treasurer to set aside a resolution of the Board of Assessors or of the Board of Supervisors of the county canceling a tax sale. The determination embodied in such a resolution may be reviewed by the courts in proper proceeding. It is not to be set aside by an administrative officer.

For these reasons the orders of the courts below should be reversed, without costs, and the motion for an order of prohibition granted.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Orders reversed, etc.