ARTHUR M. JOHNSON, Plaintiff, *v.* JOSIAH SMITH, WILBUR R. FAJANS, MORRIS BERGER and ELLIS T. TERRY, as County Treasurer of the County of Suffolk, Defendants.

Supreme Court, Suffolk County, December 19, 1941.

*Berko, Korshin & Berko* [*Jack Korshin* of counsel], for the plaintiff.

*Faber, Fink & Stuart,* for the defendants Josiah Smith and Wilbur R. Fajans.

*Benjamin Solovay,* for the defendant Morris Berger.

*Robbins, Wells & Walser,* for the defendant Ellis T. Terry, as county treasurer, etc.

HOOLEY, J. The prime question that arises herein is that concerning plaintiff's right to redeem. Counsel for both the plaintiff and county treasurer of Suffolk county contend that there is an initial period of three years in which redemption may be had, and that there is then a further period of two years in cases where the premises are occupied within the purview of section 134 of the

Tax Law and no notice is served on the occupants. Hence, it must first be determined whether the period of redemption in Suffolk county is one or three years, and if it be the latter, there remains the further question as to whether there was an occupancy herein within the purview of section 134 of the Tax Law.

Section 49 of the Suffolk County Tax Act (Laws of 1920, chap. 311), as added by chapter 152 of the Laws of 1929, specifically says: " The owner of * * * any real estate sold for taxes and assessments as aforesaid, may redeem the same at any time within thirty-six months after the date of sale * * *."

This is directly in contravention of section 134 of the Tax Law, which provides for a one-year period of redemption. There is no doubt, however, that where a local act differs from the general law, the local act must prevail. (*Matter of Gould Realty Co.* v. *Reutershan,* 284 N. Y. 540; *Town of Irondequoit* v. *County of Monroe,* 158 Misc. 123; affd., 254 App. Div. 933; appeal dismissed, 279 N. Y. 658.)

In addition, the Tax Law expressly contemplates that the redemption period in Suffolk county is three years. Section 152-a of the Tax Law provides: " In the county of Suffolk notice of unredeemed lands shall be given and published by the county treasurer at least three months before the *expiration of the three years allowed for the redemption of lands sold by him for taxes* * * *." (Italics supplied.)

Section 152-b of the Tax Law provides: " Whenever by any provision of this chapter it is provided that any notice may or shall be given or filed within a period measured by reference to the time allowed for the redemption of lands sold for taxes or by reference to the time of the sale, such provisions shall be construed as respects sales for taxes in Suffolk as intending and referring to *the three year period for redemption* herein provided as respects such sales in Suffolk county." (Italics supplied.)

It is very clear, therefore, from a reading of section 49 of the Suffolk County Tax Law, and sections 152-a and 152-b of the Tax Law, that the time for redemption in Suffolk county is three years, and not one year.

Section 134 of the Tax Law provides for the service of a notice upon the occupants of property. Section 137 of the Tax Law provides that where land is occupied and no notice is served upon occupants, a further period of two years is allowed for redemption of property. By the specific provision of section 152-b of the Tax Law, these two years must be added to the three years provided for in sections 49 of the Suffolk County Tax Act, and 152-a of the Tax Law, thus making a total of five years. Any other construc-

238

tion of the aforesaid sections would mean that the two years' additional period of redemption would have no application in Suffolk county. Such construction would also render section 152-b of the Tax Law meaningless.

Therefore, the question arises as to whether the land was occupied within the meaning of section 134 of the Tax Law. The court is of the opinion that there was such an occupation. The court believes the testimony of the neighbors of the plaintiff, who are totally disinterested witnesses, and of the attorney who testified with respect to such occupancy.

It appears, therefore, that in view of the fact that the tax sale occurred on November 17, 1937, and that the plaintiff's application to redeem was made on April 2, 1941, the said application was made well within the redemption period, and the court is satisfied from the evidence that the plaintiff took all of the steps necessary under the statute to effect a redemption.

Thus, it becomes unnecessary to pass upon the other questions raised in the case.

Judgment for the plaintiff as prayed for in the complaint. Counterclaim dismissed.