In the Matter of ALBERT KANTOR, Petitioner-Appellant. NATHAN M. HUTNER et al., Respondents; COUNTY OF SUFFOLK et al., Respondents-Appellants.

Second Department, November 3, 1952.

*Franklin T. Voelker* and *Marvin S. Cowan* for petitioner-appellant.

*Fred J. Munder, County Attorney* (*Otho S. Bowling* and, *Lloyd P. Dodge* of counsel), for respondents-appellants.

*Nathan M. Hutner* and *Reuben Hillman,* in person, and *Guy O. Walser* for Nathan M. Hutner and another, respondents.

MacCrate, J. In a proceeding pursuant to the Torrens Law (Real Property Law, art. 12, § 370 *et seq.*), instituted to have title to premises in Suffolk County registered in the name of the petitioner, in fee simple absolute, the respondents' answer asserted that the tax sales, tax sale certificates and tax deeds on which petitioner's claim of title is based, were void for failure to designate a newspaper in which the receiver of the taxes was required to publish notice of the receipt of the tax roll and warrant, and failure by the receiver of taxes to post

copies of the proper notices (Suffolk County tax act, L. 1920, ch. 311, § 22 as amd.). That answer demanded that the instruments be adjudged null and void and that the Registrar of Suffolk County be directed to cancel the same of record. The County of Suffolk and the County Treasurer were added as parties.

The county, the County Treasurer, and the petitioner appeal from a final order, on reargument, which, *inter alia,* adjudged and declared that the respondents are the owners in fee simple absolute of the real property involved.

The title of the property was first registered under the Torrens Law in 1927. In 1934, a certificate of title was issued to the respondents. In 1935, the property was sold for unpaid taxes to the County of Suffolk. In 1936, the tax sale certificate issued to the county was filed with the County Registrar and memorialized on the registration certificate of title. In 1939, a deed was issued by the County Treasurer to the county and recorded in the Suffolk County Clerk's office. In 1940, that tax deed was filed with the County Registrar and memorialized on the registration certificate of title. In 1950, the county executed a quitclaim deed to the appellant which was filed with the County Registrar and memorialized on the registration certificate of title. This proceeding was then instituted. There is no claim that the respondents have been paying taxes since the county purchased.

It is now conceded that the procedure required by law in regard to the designation of a newspaper and posting of notices was not complied with. Therefore, the proceedings which resulted in the issuance of the tax certificate and the tax deed were jurisdictionally defective. (Cf. *Seafire, Inc.,* v. *Ackerson,* 193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668.) The appellants pleaded section 132 of the Tax Law and section 53 of the Suffolk County tax act (L. 1929, ch. 152, as amd. by L. 1941, ch. 140) as Statutes of Limitation to defeat the respondents' claim of title. The petitioner relies on both sections. The county now relies solely on section 53 of the Suffolk County tax act. The respondents assert that section 132 of the Tax Law is not applicable for it had been superseded by the Suffolk County tax act. In our opinion, section 53 of that act is applicable in this case. (Cf. *Matter of Gould Realty Co.* v. *Reutershan,* 284 N. Y. 540.) But the intent of the Legislature in enacting section 53 and the other sections dealing with tax sales in Suffolk County must be ascertained in light of the fact

that section 132 of the Tax Law continued applicable to the tax sales which occurred prior to 1929.

Section 53 provides that a tax deed executed by the County Treasurer '' shall be presumptive evidence that the sale was regular, and also presumptive evidence that all proceedings prior to the sale, including the assessment of the lands sold, and all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and according to law. After six years from the date of record of any such conveyance in the Suffolk county clerk's office, such presumption shall be conclusive.''

It cannot be assumed that the Legislature, when enacting a '' complete and exclusive system for the collection of taxes and assessments by sale in Suffolk county '' (*Matter of Gould Realty Co., supra,* p. 544) intended, so far as Suffolk County is concerned, to change the policy of the State whereby periods of limitation bar actions or applications to set aside tax sales. Article 2 of the Suffolk County tax act was added by chapter 152 of the Laws of 1929, effective March 18, 1929, which provided for the continuance of that policy as expressed in sections 131 and 132 of the Tax Law, as to tax sales and returns of unpaid taxes prior to that date. It has been held that those sections of the Tax Law bar an attack on tax deeds and tax sales after five years have elapsed from the date of recording of the deeds despite the fact that jurisdictional defects would otherwise have justified judgments declaring the tax sales void. (*Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748; *Matter of Restel Realty Corp.* v. *De Bur Realty Co.,* 255 N. Y. 554; *Matter of Eastland Realty Corp.,* 240 App. Div. 781; *Manchik* v. *Pinelawn Cemetery,* 263 App. Div. 961, affd. 291 N. Y. 816; *Halleran* v. *Manzione,* 281 N. Y. 845; *Dunkum* v. *Maceck Bldg. Corp.,* 256 N. Y. 275; *Mongaup Valley Co.* v. *Orange Rod & Gun Club,* 253 App. Div. 465, affd. 280 N. Y. 582.) In *Matter of Restel Realty Corp.* v. *De Bur Realty Co.* (*supra*), the ground of attack was that a notice was not published sufficiently long, as was the contention in *Olds* v. *City of Jamestown* (280 N. Y. 281), relied upon by the respondents. In the latter case the effect of the record of a deed under a tax sale was not a matter for determination since there the attack was made prior to the recording. More than six years had elapsed from the time that the deed to the county was recorded and memorialized to the time that the property was conveyed from the county to the petitioner and this proceeding instituted. In our opinion, section 53 of the Suffolk County tax act is a valid Statute of

Limitations, and bars the assertion by respondents of a title superior to the petitioner's in this proceeding, despite jurisdictional defects leading to the tax sale. That section of the local act, when considered with the other provisions of the act relative to the cancellation of tax sales, continued the State policy, modified by enlarging the period of limitation to six years after the recording of deeds. Neither section 53 of the local act nor section 132 of the Tax Law was applicable as a Statute of Limitations in the case of *Seafire, Inc.,* v. *Ackerson* (193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668, *supra*). The periods of limitation therein provided had not run when the tax deeds were attacked.

*Lindlots Realty Corp.* v. *County of Suffolk* (278 N. Y. 45) is not controlling here. No attempt was made there to set aside the tax sale deed. That action was for rescission by reason of misrepresentation by the official of the county which had purchased the premises at the tax sale and then conveyed them to the plaintiff there. To that situation it was held section 132 of the Tax Law did not apply.

In the case at bar the levy was valid. (Cf. *Getman* v. *Niferopulos,* 276 N. Y. 161, 167.) Respondents do not contend that the tax roll was improperly prepared or lacked the necessary warrant. The questions of fact referred to the Referee related to the procedure for the collection of the tax but not to the levy. Section 63, which limits the time for attack on the tax levied or assessment did not extend the time of the respondents to assert the invalidity of the tax deed on the grounds urged, which by virtue of section 53 ended six years after the deed was recorded.

Respondents may not claim that they were in actual occupation of the premises. The petition alleged that the property was vacant. There was no denial of that allegation in the answer. It was conceded at Special Term that all questions of fact had been determined by the Referee.

The final order should be modified on the law and the facts by striking out all of the ordering paragraphs except the first and the last and by substituting therefor provisions denying the respondents' cross motion to dismiss the petition and granting the petitioner's motion to dismiss and strike out the answer of the respondents, and decreeing that a certificate of registration be issued in the name of the petitioner as owner in fee simple of the property described in paragraph 3 (j) of the petition, and adjudging that the petitioner is such owner subject to the rights of the public over streets, roads or avenues.

As so modified, the final order should be affirmed, with one bill of $50 costs and disbursements to the appellants.

Settle order on notice.

NOLAN, P. J., JOHNSTON, ADEL, and WENZEL, JJ., concur.

Final order modified accordingly.