■ In the Matter of SAMAN HOLDING CORP., Appellant, against MILTON L. BURNS, as Treasurer of Suffolk County, Respondent; ALFRED T. WORSLEY, Impleaded-Respondent.— Proceeding by the grantee of the purchaser of a parcel of real property sold by the treasurer of Suffolk County for unpaid taxes for 1945/1946 for an order directing said county treasurer to satisfy and discharge a lien for unpaid taxes for 1946/1947 and to cancel and vacate a tax deed issued by him to the impleaded respondent, as assignee of a subsequent purchaser of the property for such unpaid taxes for 1946/1947. Appellant alleges, as the ground for its application, that its grantor made due and timely redemption from the tax sale to the impleaded respondent's assignor. The appeal is from an order dismissing the petition. Order unanimously affirmed, with $10 costs and disbursements. It appears that the assignor of the impleaded respondent made its purchase on November 19, 1947; that the property was continuously occupied from that date to the present by the impleaded respondent or his tenant; that no notice to redeem was ever served on appellant, its grantor or any occupant of the premises; that on November 7, 1952, without filing any proof of occupancy, appellant's grantor paid to the County Treasurer the amount then appropriate for redemption, and that the County Treasurer called upon the impleaded respondent to surrender the tax deed theretofore issued to him, but he declined to do so. In Suffolk County, property sold for unpaid taxes may be redeemed by appropriate payment within three years from the date of such sale (Suffolk County Tax Act, § 49 [L. 1920, ch. 311, as amd. by L. 1929, ch. 152]; Tax Law, §§ 152-a, 152-b; *Johnson* v. *Smith,* 178 Misc. 236); but if the property is occupied and notice to redeem is not served upon the owner or the occupant, as provided by statute, the time is extended two years more (*Mabie* v. *Fuller,* 255 N. Y. 194; *Johnson* v. *Smith, supra*), during which period redemption may be effected "by filing * * * satisfactory evidence of such occupancy" and by paying the appropriate amount (Tax Law, § 137). The right to redemption exists only as permitted by statute and under such conditions as are expressed therein (*City of New Rochelle* v. *Echo Bay Waterfront Corp.,* 268 App. Div. 182, 191, affd. 294 N. Y. 678; *Mabie* v. *Fuller, supra,* p. 197; *Matter of Blatnicky* v. *Ciancimino,* 1 A D 2d 383; *People ex rel. Quaranto* v. *Moynahan,* 148 App. Div. 744; *Hennepin Improvement Co.* v. *Schuster,* 66 Misc. 634). Having failed to file proof of occupancy, as expressly required by the statute, appellant was not entitled to the additional two years provided thereby. Accordingly, its time to redeem had expired prior to its attempt to do so. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.