William R. Geller, J.
This is an action brought pursuant to article 15 of the Real Property Actions and Proceedings Law to compel the determination of claims to certain real property lying within the County of Suffolk.
*979 The plaintiff allegedly became the owner of the subject premises, a one-family dwelling, by virtue of a deed executed and delivered to the plaintiff on or about November 28, 1961. The deed was allegedly recorded in the Suffolk County Clerk’s office on November 13, 1962.
The plaintiff admittedly failed to make payment of the 1961/62 and 1962/63 taxes on the premises. The tax liens were thereafter sold by the County Treasurer and subsequently tax deeds were issued by the County Treasurer to the corporate defendants.
The premises, from the period of the tax lien sale to the issuance of the tax deeds, were occupied by a tenant and were subject to a mortgage.
Plaintiff contends that subdivision 3 of section 52 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1929, ch. 152 and L. 1958, ch. 960) mandates the serving by a tax lien purchaser of a “notice to redeem” on the occupant or mortgagee of occupied property in Suffolk County. She asserts that the failure to serve such notice to redeem and file proof of such service with the County Treasurer invalidates any tax deed issued by the County Treasurer.
The corporate defendants admit that they failed to serve either the occupants or the mortgagee of the subject property with a notice to redeem. They maintain that they are under no such obligation.
Plaintiff moves for summary judgment. Defendants cross-move for summary judgment.
The sole issue presented by" this motion is whether a tax lien purchaser in Suffolk County is required to serve a notice to redeem upon occupants or mortgagees of occupied property and is required to file proof of such service with the County Treasurer.
Subdivision 3 of section 52 of the Suffolk County Tax Act (SCTA) (L. 1929, ch. 152, as amd. by L. 1958, ch. 960, § 29) in part provides as follows: “ § 52. Notice of unredeemed real estate; notice to redeem. * * # 3. Notice shall be given by the purchaser of any real estate sold for taxes * * * under the terms prescribed by the real property tax law ”.
The plaintiff relies on this part of section 52 of the SCTA and especially the words “ Notice shall be given by the purchaser ” as the basis for her contention that a tax lien purchaser must serve a notice to redeem upon occupants and mortgagees.
- Subdivision 3 of section 52 of the SCTA was first enacted in 1929 as section 52 of SCTA (L. 1929, ch. 152) and the text germane to the issues herein is as follows: “ § 52. Notice to owner *980 by purchaser. Notice shall be given by the purchaser of any real estate sold for taxes * * * under the terms prescribed by the general tax law ’ \
The 1959 version of section 52 of the SCTA substituted the words “ real property tax law ” for “ general tax law ” (certain sections of the general Tax Law were repealed in 1958 and were included in the Real Property Tax Law), but is basically the same as the original section 52.
What is meant by the words “ Notice shall be given by the purchaser ” as it appears in both versions of section 52 of the SCTA?
The court finds it necessary to briefly examine the history of redemption of “occupied property ” in Suffolk County prior to 1949 in order to ascertain the meaning of these words.
Section 49 of the Suffolk County Tax Act (L. 1929, ch. 152) provided that the owner of land sold for taxes could redeem “ at any time within thirty-six months after the date of the sale ”.
Section 134 of the Tax Law (now Real Property Tax Law, § 1022, subd. 2) provided that the tax sale purchaser of occupied land “ shall within one year from the expiration of the time to redeem, serve a written notice on the person occupying such land Section 137 of the Tax Law (now Real Property Tax Law, § 1022, subd. 1) provided that the occupant could redeem “ at any time before the service of such notice by the purchaser or those claiming under him, and within two years from the expiration of the year allowed by law for the redemption thereof and not thereafter ”. In addition, section 152-b of the Tax Law provided: ‘ Whenever by any provision of this chapter it is provided that any notice may or shall be given or filed within a period measured by reference to the time alloived for the redemption of lands sold for taxes or by reference to the time of the sale, such provisions shall be construed as respects sales for taxes in Suffolk as intending and referring to the three year period for redemption herein provided as respects such sales in Suffolk county.” (Emphasis supplied.)
This was the statutory picture with reference to redemption of occupied -land at the time of the decision in the case of Johnson v. Smith (178 Misc. 236).
The court held in the Johnson case (supra) that the additional two-year period for redemption of occupied land must be added to the general three-year period applicable in Suffolk County. Thus, occupied property in Suffolk County, where no notice of redemption was given, could be redeemed within five years from the date of the sale.
*981 A tax sale purchaser, prior to 1949, in order to cut down the additional two years, added by section 137 of the Tax Law, could serve a notice to redeem on the occupant, pursuant to section 134 of the Tax Law. This would cut down the two extra years to six months from the date of filing of the service of the notice to redeem. This is the meaning of the words “ Notice shall be given by the purchaser.” It means notice shall be given only if the tax sale purchaser desired to reduce the period of redemption.
The Legislature, in 1949 (L. 1949, ch. 800), amended sections 134 and 137 of the Tax Law. The word ‘1 shall ’ ’ was changed to “ may” (may serve a notice to redeem) in section 134.
Section 137 was changed by eliminating from it the language that the owner could redeem 1 ‘ within two years from the expiration of the year allowed by law for the redemption thereof and not thereafter” and substituted the provision that the period of redemption is: “ within thirty-six months after the sale, and not thereafter ”.
What did the amendments to sections 134 and 137 mean? Was the period of redemption still five years for occupied property in Suffolk County? Could a purchaser at a tax sale in Suffolk County cut down the period of redemption by serving a notice pursuant to section 134?
In 1964, the Appellate Division, Second Department, answered these questions in Norris v. Mitrany (21 A D 2d 827, affd. 15 N Y 2d 842). The court held (p. 827): “ The question is whether in Suffolk County there is a three-year or a five-year period within which occupied land may be redeemed from a tax sale, where no notice to redeem is given by the tax lien purchaser ” (italics added) * * * the 1949 amendment of section 137 of the Tax Law reduced the former period of redemption in Suffolk County from five to three years (Johnson v. Smith, 178 Misc. 236)
The Court of Appeals affirmed this position (at 15 N Y 2d 842, 843-844): “ In 1949 sections 134 and 137 of the Tax Law were amended * * * to provide that, if land sold for taxes was occupied at the time of the expiration of the one-year redemption period, the purchaser of the tax lien ‘ may ’ within one year from the expiration of the time to redeem, serve a prescribed notice upon the occupant ‘ for the purpose of reducing the period of redemption ’• (§ 134, now Real Property Tax Law, § 1022, subd. 2), and that, where such notice was not given to an occupant, the occupant ‘ may * * * at any time within thirty-six months after the sale, and not thereafter, redeem ’ the land and, in case of ‘ failure to redeem within the time herein specified, the sale *982 and conveyance thereof shall become absolute and the occupant and all other persons barred ’ forever from redemption (§ 137, now Real Property Tax Law, § 1022, subd. 1).” (Italics added.)
These 1949 legislative changes, as construed in Norris v. Mitrany (supra), settled the law, once and for all, respecting redemption of occupied property in Suffolk County. The redemption period for occupied Suffolk County property is three years, no more, no less.
The corporate defendants could gain no advantage by serving a notice of redemption. They have no power or right to reduce the three-year redemption period. Thus, the case of Norris v. Mitrany (supra) has made the language “ Notice shall be given by the purchaser,” the meaning of which has been explained above, contained in subdivision 3 of section 52 of the SCTA, meaningless and obsolete.
Plaintiff’s confusion as to whether subdivision 3 of section 52 of SCTA is a permissive or mandatory statute arises from the fact that the word ‘ ‘ shall ’ ’ appears therein in the language that “ Notice shall be given by the purchaser ”. The quality of the word “ shall ” must be viewed only in connection with the giving of the notice to redeem ‘ ‘ for the purpose of reducing the period of redemption ”, as provided by subdivision 2 of section 1022 of the Real Property Tax Law. In that context one can understand the “ shall ” in subdivision 3 of section 52 of SCTA has to be construed as permissive and not mandatory.
Prior to 1949 when the changes in sections 134 and 137 of the Tax Law were made, when the redemption period in Suffolk County for occupied property was five years (three years under sections 152-a and 152-b of the Tax Law, now repealed by L. 1958, ch. 960, and section 49 of SCTA, plus the two years additional provided for by section 137 of the Tax Law; Johnson v. Smith, supra) use of the words “ Notice shall be given ” in the 1929 version (L. 1929, ch. 152) of section 52 of SCTA made sense only if the tax deed grantee “ for the purpose of reducing the period of redemption ” (additional two years in Suffolk County) decided to give that notice. In that case, and in that case only, it became mandatory that “ Notice shall be given by the purchaser * * * in the manner and under the terms prescribed by the general tax law ” (the latest subdivision 3 of section 52 of SCTA uses the same language, changing ‘1 general tax law ’ ’ to “ real property tax law ”). '
The court holds that no notice to redeem is required to be sefved by the purchaser of a Suffolk County tal lien to a fee owner or occupant and therefore there is no requirement that proof of such service be filed before the County Treasurer can *983 issue a tax deed. This ruling also applies to a mortgagee, who has no greater rights than a fee owner or occupant with respect to service of a notice to redeem.
Plaintiff’s motion for a summary judgment is denied. Defendant’s cross motion is granted.