■ JOHN DINOS, Appellant, v JOSEPH GAZZA, JR., et al., Respondents. (Action No. 1.) NEW YORK AND BROOKLYN SUBURBAN INVESTMENT COMPANY OF NEW YORK, Respondent, v LAURELLE ASSOCIATES, INC., et al., Respondents, and JOHN DINOS, Appellant. (Action No. 2.)—In two consolidated actions pursuant to article 15 of the Real Property Actions and Proceedings Law to adjudicate the question of title to certain property, the plaintiff in Action No. 1, who is a defendant in Action No. 2, appeals from (1) a judgment of the Supreme Court, Suffolk County, dated January 24, 1979, which, *inter alia,* held that his tax deed was null and void, barred him and those claiming under him from asserting any claim to the property in question, and found defendants Gazza, McGahey and Sears to have valid absolute and unencumbered title to said property, and (2) an order of the same court, dated May 31, 1979, which denied his motion to vacate the judgment. Judgment and order affirmed with one bill of $50 costs and disbursements to respondents appearing separately and filing separate briefs. Although Special Term was incorrect when it stated that any jurisdictional defect was sufficient to remove the case from the Statute of Limitations, it correctly found the three-year limitation of section 53 of the Suffolk County Tax Act inapplicable here. An assessment or tax sale description so inadequate as to preclude the property from being located with reasonable certainty constitutes a jurisdictional defect because it provides no notice to the true owner *(Hunt v Dekin,* 187 Misc 649, affd 273 App Div 800). A jurisdictional defect of this nature deprives any proceeding to sell the property because of unpaid taxes of a necessary prerequisite *(Peterson v Martino,* 210 NY 412), and removes it from the cover of the Statute of Limitations (cf. *Cameron Estates v Deering,* 308 NY 24). We also note that defendants Gazza, McGahey and Sears obtained valid title based on the confirmatory deed from the original owner, the validity of whose corporate existence was not raised in the stipulation of facts entered into by the parties at Special Term. Appellant's postjudgment motion attacking the viability of the original owner at the time it made the confirmatory conveyance was properly denied since the relevant facts concerning that owner's continued existence after dissolution by proclamation were either contained in documents attached to the stipulation or fully available to the appellant

before Special Term decided the case. Lazer, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.