■ TERRAMARE DEVELOPMENT, LTD., Appellant, v COUNTY OF SUFFOLK, Respondent.—In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated January 3, 1985, which denied its motion for summary judgment and granted the defendant's cross motion to dismiss the complaint.

Order affirmed, without costs or disbursements.

The defendant County of Suffolk acquired title to the subject property by virtue of a tax sale which took place on November 14, 1972. Upon the expiration of the three-year period for redemption provided for by Suffolk County Tax Act § 52, the County Treasurer conveyed the property to the defendant by deed dated and recorded on February 24, 1977.

The plaintiff's claim of title arises from deeds executed on April 8, 1982, by the heirs of one Georgiana Robinson, the actual owner of the property at the time of the tax sale. The instant action was commenced shortly thereafter, in June 1982. The plaintiff then sought summary judgment in its favor, asserting that the tax delinquency proceedings which resulted in the tax sale had been fatally defective, and that, consequently, the defendant's tax deed was void. Specifically, the plaintiff charged that the property had been assessed to one not the owner, and that the notice of redemption required pursuant to Real Property Tax Law § 1014 (3) had been insufficient. We agree with Special Term that the plaintiff's action is untimely and must be dismissed.

Suffolk County Tax Act § 53 provides that a conveyance by the County Treasurer of real property, which was not redeemed prior to a tax sale, shall be presumptive evidence of the propriety of all proceedings preceding the sale. This presumption applies to the assessment of the land and the notices required to be given, the very procedures that the plaintiff claims were defective in this case. That section further provides that, upon the expiration of three years from

the date of recording of any such conveyance, the presumption of validity "shall be conclusive". A similar presumption of validity with respect to prior proceedings, including the necessary notices, is created by Real Property Tax Law § 1020 (3), and becomes conclusive under that statute two years from the date of the conveyance in question. Both Suffolk County Tax Act § 53 and Real Property Tax Law § 1020 have been read as a bar to actions which are not brought within their prescribed time limitations (see, Matter of Kantor, 280 App Div 605, 608-609; Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378, 386). As the conveyance here was recorded in February 1977, the instant action, commenced in June 1982, was clearly untimely under both of the above provisions.

Finally, we note that the plaintiff's additional argument, that the sale was jurisdictionally defective because the property was inadequately described (Real Property Tax Law § 504 [4]; § 1020 [3]; Dinos v Gazza, 76 AD2d 853), was never asserted before Special Term on the plaintiff's principal motion, but was raised only as part of the plaintiff's motion to reargue. That motion was denied and no appeal lies from the denial of a motion for reargument (see, e.g., Vicat v Jamaica Hosp., 110 AD2d 896). "An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented in the court of first instance (Rentways, Inc. v O'Neill Milk & Cream Co., 308 NY 342, 349)" (Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757, 758; Fresh Pond Rd. Assoc. v Estate of Schacht, 120 AD2d 561). Therefore, we decline to address this additional argument. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.