■ BRIDGEHAMPTON DUNES, INC., Appellant, v COUNTY OF SUFFOLK, Respondent.—In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered August 29, 1986, which denied its motion for summary judgment, and, upon searching the record, granted the defendant summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant County of Suffolk acquired title to the subject property, formerly owned by the plaintiff, as a result of a tax

sale due to the nonpayment of real property taxes for the 1972-1973 tax year. Subsequent to the expiration of the three-year period for redemption provided for by Suffolk County Tax Act § 52, the County Treasurer conveyed the property to the defendant by deed dated February 10, 1977.

Approximately nine years later, in January 1986, the plaintiff commenced this action to set aside the tax deed upon the ground that the tax delinquency proceedings which resulted in the tax sale were fatally defective because the County Treasurer did not strictly comply with Real Property Tax Law § 1014 (3) and Suffolk County Tax Act § 52 (1). Specifically, the plaintiff alleged that the notice of redemption, mailed to it on or about June 28, 1976, (1) failed to specify the sum necessary to redeem the property, and (2) was not served at least 14 days prior to the commencement of publication of the notice of unredeemed real estate, which publication was commenced on June 23, 1976. Regardless of the merits of the aforesaid claim, we agree with the Supreme Court that the plaintiff's action was untimely. Accordingly, it was properly dismissed.

Suffolk County Tax Act § 53 provides that a conveyance by the County Treasurer of real property which has not been redeemed prior to the tax sale shall be presumptive evidence of the propriety of all proceedings prior to the sale. The statute further provides that after the expiration of three years from the date of recording of the tax deed, the presumption of validity "shall be conclusive". Real Property Tax Law § 1020 (3) creates a similar presumption of validity with respect to prior proceedings, which presumption becomes conclusive two years from the date of recording the conveyance in issue. Both Suffolk County Tax Act § 53 and Real Property Tax Law § 1020 have been interpreted as a bar to actions not brought within their prescribed time limitations *(see, Matter of Kantor,* 280 App Div 605, 608-609; *Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378, 386). Since the deed dated February 10, 1977 was recorded in February 1977 this action, commenced in January 1986 was clearly untimely under both of the aforementioned statutory provisions *(see, Terramare Dev. v County of Suffolk,* 123 AD2d 317, *lv denied* 69 NY2d 603). Unlike the two unreported cases upon which plaintiff relies, *Pellicane v County of Suffolk* (Sup Ct, Suffolk County, Apr. 23, 1984, Underwood, J.) and *Tinsley's Enters. v County of Suffolk* (Sup Ct, Suffolk County, June 2, 1982, Gowan, J.), in the instant case, the defendant timely interposed as an affirmative defense the fact that the action was untimely commenced.

Having determined that the action is time barred, we need

not reach the merits of the plaintiff's other contentions. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.