■ MARETERRA CORPORATION et al., Appellants, v ROBERT SGROI et al., Respondents.—In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 7, 1987, which granted the defendants' motion for summary judgment and denied a cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant County of Suffolk acquired title to the subject property, formerly owned by the plaintiff David Carmel, as a result of a tax sale due to the nonpayment of real property

taxes for the 1977-1978 tax year. Pursuant to Suffolk County Tax Act § 40, the lien on the property was sold to the defendant County of Suffolk on November 20, 1978. A notice of the right of redemption was issued on June 1, 1981. However, the plaintiffs both allege that the notice was not sent until August 21, 1981, two months after the commencement of publication. When Carmel failed to redeem the property pursuant to Suffolk County Tax Act § 47 within 36 months of the date of the sale, the county took title pursuant to Suffolk County Tax Act § 53 by deed dated and recorded on March 29, 1982. The plaintiff Mareterra Corporation commenced this action on March 5, 1987, alleging that the failure to serve the notice of redemption at least 14 days prior to the commencement of publication of the notice of unredeemed real estate violated Real Property Tax Law § 1014 (3) and Suffolk County Tax Act § 52 (1), and created a jurisdictional defect which amounted to a deprivation of its right to due process and equal protection of the laws. David B. Carmel was later added as a party plaintiff.

The Supreme Court properly determined that the plaintiffs' action was untimely. Suffolk County Tax Act § 53 provides that a conveyance by the County Treasurer of real property which has not been redeemed prior to the tax sale shall be presumptive evidence of the propriety of all proceedings prior to the sale. The statute further provides that after the expiration of three years from the date of recording of the tax deed, the presumption of validity "shall be conclusive". Real Property Tax Law § 1020 (3) creates a similar presumption of validity with respect to prior proceedings, which presumption becomes conclusive two years from the date of recording the conveyance in issue. Both Suffolk County Tax Act § 53 and Real Property Tax Law § 1020 have been interpreted as barring actions not brought within their prescribed time limitations (see, Bridgehampton Dunes v County of Suffolk, 137 AD2d 644, 645; Terramare Dev. v County of Suffolk, 123 AD2d 317; Matter of Kantor, 280 App Div 605, 608-609; see also, Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378, 386). Since the deed was dated and recorded on March 29, 1982, this action, commenced March 5, 1987, was clearly untimely under both of the aforementioned provisions (see, Bridgehampton Dunes v County of Suffolk, supra, at 645; Terramare Dev. v County of Suffolk, supra).

Having determined that the action is time barred, we need not reach the merits of the plaintiffs' other contentions. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.