■ GUNARS IVINS, Appellant, v COUNTY OF SUFFOLK, Respondent. [631 NYS2d 889] —In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated November 30, 1992, which denied his motion for summary judgment and granted the defendant's cross motion to dismiss the complaint as untimely.

Ordered that the order is affirmed, without costs or disbursements.

The defendant acquired tax liens on the plaintiff's property at a tax sale on or about November 26, 1979, due to the plaintiff's failure to pay real property taxes for the 1978-1979 tax year. There is no indication in the record that the defendant mailed to the plaintiff a notice of the sale pursuant to Real Property Tax Law § 1002 (4).

Upon the expiration of the redemption period, the County Treasurer conveyed the property to the defendant by a tax deed dated February 7, 1983, and recorded on February 8, 1983. Pursuant to a Suffolk County local law that allows a property owner nine months from the date the deed is recorded to reacquire his property (see, Local Laws, 1976, No. 16 of County of Suffolk §§ 1, 2), on November 8, 1983, the plaintiff's agent delivered to the defendant applications to reacquire the plaintiff's property. The defendant's clerk refused to accept the applications, claiming they were one day late.

This action was commenced on October 18, 1988. The Supreme Court granted the defendant's cross motion to dismiss the complaint as untimely.

Pursuant to Suffolk County Tax Act § 53 (L 1920, ch 311, as amended), the presumption of regularity that arises when the County Treasurer conveys real property becomes conclusive after the expiration of three years from the date of the recording of the tax deed. Section 53 has been interpreted to bar actions not brought within the prescribed time limitation (see, Mareterra Corp. v Sgroi, 156 AD2d 344; Bridgehampton Dunes v County of Suffolk, 137 AD2d 644; Terramare Dev. v County of Suffolk, 123 AD2d 317). Since the plaintiff had until February 8, 1986, three years from the recording of the tax deed on February 8, 1983, to commence a lawsuit, this action, which was commenced on October 18, 1988, is clearly untimely.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.