In an action, inter alia, pursuant to REAFL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Fitts, J.), dated October 25, 2002, which, among other things, denied his motion to stay an auction sale of the subject real property and to enjoin the defendants from interfering with his possession of the subject real property, and granted the defendants’ cross motion to dismiss the action as time-barred.
Ordered that the order is affirmed, with costs.
The Supreme Court properly dismissed this action as time-barred. The plaintiff is the former owner of certain real property on Fire Island, for which the taxes applicable to the year 1993-1994 were not paid. A tax deed issued to the defendant County of Suffolk was recorded on April 7, 1998. The plaintiff was given actual notice of the tax deed within six months of that date (see Matter of ISCA Enters. v City of New York, 77 NY2d 688 [1991], cert denied 503 US 906 [1992]; cf. Campbell v City of New York, 77 NY2d 688, 698-699 [1991], cert denied sub nom. Matter of ISCA Enters, v City of New York, 503 US 906 [1992]; Meadow Farm Realty Corp. v Pekich, 251 AD2d 634, 635 *591 [1998]). The plaintiff commenced this action on May 16, 2002, after the expiration of the three-year limitations period applicable to the plaintiffs claims (see Suffolk County Tax Act § 53; D & S Realty Dev. v Town of Huntington, 295 AD2d 306 [2002]; Bidnick v Johnson, 253 AD2d 779 [1998]; Ivins v County of Suffolk, 220 AD2d 388 [1995]; Mareterra Corp. v Sgroi, 156 AD2d 344 [1989]). Contrary to the plaintiff’s contention, repealed Real Property Tax Law § 1020 (3) may not be relied upon to save this action from dismissal.
We also reject the plaintiffs claims that the defendants failed to give him notice that the statutory redemption period would expire in April 2001 and that the defendants told him as late as 2001 that he could redeem the property at any time before an auction sale, and that these claims are not time-barred. The plaintiff is charged with knowledge of the statutory provisions affecting the control or disposition of his property (see Sheehan v County of Suffolk, 67 NY2d 52 [1986], cert denied 478 US 1006 [1986]). Moreover, he may not rely on the defendants’ alleged error to estop them from asserting the statute of limitations as a defense, when reasonable diligence would have revealed the inaccuracy of the information to a good-faith inquirer (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988], appeal dismissed, cert denied 488 US 801 [1988]; Lily Pond Enters. v City of New York, 149 AD2d 412, 413-414 [1989]).
In light of our determination, the parties’ remaining contentions need not be reached. Santucci, J.P, McGinity, Schmidt and Adams, JJ., concur.