■ R & B Design Concepts, Inc., Appellant, v Wenger Construction Co., Inc., Respondent. [60 NYS3d 364]—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered April 22, 2016, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

In March 2015, the plaintiff commenced this action, alleging that the defendant hired it to perform construction work, that it performed the construction work, and that the defendant still owed an outstanding balance of $48,375.84. The defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. It relied on a provision in the parties' contract which provided for a one-year statute of limitations and submitted evidence establishing that the plaintiff's work was completed more than one year prior to the commencement of this action. In opposition to the motion, the plaintiff argued that the contract provision at issue was unenforceable because the contract was a contract of adhesion and the one-year statute of limitations was unreasonable as a matter of law. The Supreme Court granted the defendant's motion to dismiss the complaint. The plaintiff appeals.

The plaintiff argues, as to the breach of contract cause of action, that the defendant's motion was not timely made, or, in the alternative, that the defendant waived the right to assert the defense of the statute of limitations (*cf.* CPLR 3211 [e]). These contentions are improperly raised for the first time on appeal and are not properly before this Court. Contrary to the plaintiff's contention, they do not present pure questions of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 829 [2008]; *Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]; *NYU Hosp.*

*for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043, 1044 [2011]).

The plaintiff also argues that the Supreme Court erred in failing to consider its cause of action to recover damages under the theory of quantum meruit, which was not barred by the contractual statute of limitations. The plaintiff's reliance on that theory is misplaced. Recovery under the theory of quantum meruit is not appropriate where, as here, an express contract governed the subject matter involved (*see Parker Realty Group, Inc. v Petigny*, 14 NY3d 864, 865-866 [2010]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Julien J. Studley, Inc. v New York News*, 70 NY2d 628, 629 [1987]; *Miller v Schloss*, 218 NY 400, 406-407 [1916]).

Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint as time-barred. Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.