Tsiboukis v Estate of Eleftherios Nicolopoulos (2018 NY Slip Op 03870)





Tsiboukis v Estate of Eleftherios Nicolopoulos


2018 NY Slip Op 03870


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-06058
 (Index No. 10231/14)

[*1]Eleftherios Tsiboukis, etc., et al., appellants, 
v
Estate of Eleftherios Nicolopoulos, respondent.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellants.
Saretsky Katz & Dranoff, LLP, New York, NY (Daniel P. Rifkin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated March 7, 2016. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the first and third causes of action as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action on July 7, 2014. They alleged, inter alia, that Eleftherios Nicolopoulos's negligence in operating an automobile on July 12, 2009, in or near Athens, Greece, caused injuries resulting in the death of the plaintiffs' decedent. The first cause of action sought to recover damages for the plaintiffs' decedent's conscious pain and suffering. The third cause of action sought to recover damages for the plaintiffs' decedent's wrongful death. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the first and third causes of action as time-barred. In an order dated March 7, 2016, the Supreme Court, inter alia, granted the defendant's motion. The plaintiffs appeal.
The plaintiffs' contention on appeal is improperly raised for the first time on appeal (see e.g. R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 864; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335). Under the circumstances of this case, the contention does not constitute a pure question of law appearing on the face of the record.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court