Wells Fargo Bank v Islam (2019 NY Slip Op 05581)





Wells Fargo Bank v Islam


2019 NY Slip Op 05581


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-06924
 (Index No. 24110/09)

[*1]Wells Fargo Bank, etc., appellant, 
v
Mohammed M. Islam, respondent, et al., defendants.


Parker Ibrahim & Berg, LLC, New York, NY (Ben Z. Raindorf of counsel), for appellant.
Rubin & Licatesi, P.C., Garden City, NY (Amy J. Zamir of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated December 6, 2016. The order, insofar as appealed from, granted that branch of the cross motion of the defendant Mohammed M. Islam which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215(c).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage in September 2009. In an order dated July 21, 2010, the Supreme Court authorized the plaintiff to serve the defendant Mohammed M. Islam by publication. In that same order, the court designated Nicole D. Katsorhis as a guardian ad litem "to appear in this action as Guardian Ad Litem and Military Attorney (if applicable) on behalf of any . . . Defendant who may be an infant, absentee or incompetent." That order also directed the guardian ad litem to "act for the Defendant, Mohammed M. Islam, should he be in default and be in military service of the United States of America."
Katsorhis executed a "Guardian Oath" on August 30, 2010, wherein she indicated that she had been appointed "as Guardian Ad Litem and Military Attorney (if applicable) of Mohammed M. Islam." She further stated: "I . . . do solemnly swear that I will faithfully and fairly discharge the trust committed to me." By notice of appearance also dated August 30, 2010, Katsorhis purported to appear in this action on behalf of Islam and "waive[d] service of all papers and of notices of all proceedings in said action except Order of Reference and Judgment of Foreclosure and Sale."
By notice of motion dated May 9, 2016, the plaintiff moved for an order of reference and to appoint a referee to compute the amount due. In an affirmation, the plaintiff's attorney stated that, in accordance with the order dated July 21, 2010, the summons had been published in two separate newspapers on four separate dates: August 19, 2010, August 26, 2010, September 2, 2010, and September 9, 2010. The plaintiff attached affidavits of publishing to demonstrate that publication occurred on these dates. The plaintiff's attorney contended that although Katsorhis had already appeared in this action on behalf of Islam, she had failed to interpose an answer "and the time to do so ha[d] expired." The plaintiff's attorney further affirmed that "none of the defendants in this action are infants, incompetents or absentees." Accordingly, the plaintiff argued that it was [*2]entitled to an order of reference and the appointment of a referee to compute the amount due.
Islam opposed the plaintiff's motion by an affirmation from his attorney, John Piccinnini. Islam also cross-moved, inter alia, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215(c), arguing that the plaintiff had failed to commence proceedings for the entry of judgment within one year after his default. In this regard, Islam contended that the plaintiff failed to take any action on this case in the almost six years since service.
The plaintiff opposed Islam's cross motion. The plaintiff argued that Katsorhis was the attorney of record for Islam and that Piccinnini had "no authority or standing to have brought the . . . Cross Motion." The plaintiff further argued that because Katsorhis "chose not to file an Answer," Islam was "in default" and "he [was] deemed to have admitted all of the factual allegations contained in the complaint" and to have "waived all standing defenses."
In an order dated December 6, 2016, the Supreme Court determined that Islam "ha[d] been in default in answering since he was served by publication in 2010." The court concluded that "[i]nasmuch as the plaintiff did not move for a default judgment or move for an order of reference within a year or show sufficient cause why it did not do so, this action must be dismissed" pursuant to CPLR 3215(c). The plaintiff appeals.
The plaintiff's sole argument is that the purported notice of appearance executed by Katsorhis demonstrates that Islam waived his right to seek dismissal under CPLR 3215(c). As this Court has repeatedly stated, an issue raised for the first time on appeal is not properly before this Court (see e.g. Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d 465, 465-466; R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 864-865). Consideration of such an issue is generally inappropriate inasmuch as it would "deprive[ ] the [other party] of any opportunity to develop a factual record to challenge the [new] assertion" (Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475, 476). "An exception to the general rule has . . . been applied, subject to certain qualifications, that a newly raised point of law may be entertained on appeal where it is one which is decisive of the appeal and which could not have been obviated by factual showings or legal countersteps' if it had been raised below" (Arthur Karger, Powers of the New York Court of Appeals § 17:1, at 591-592 [3d ed rev 2005], quoting Telaro v Telaro, 25 NY2d 433, 439; see Rentways, Inc. v O'Neill Milk & Cream Co., 308 NY 342, 349; Terramare Dev. v County of Suffolk, 123 AD2d 317, 318). Accordingly, this exception has been applied by this Court, in the exercise of its discretion, where "[the] issue . . . is a question of law that appears on the face of the record which, had it been brought to the attention of the Supreme Court, could not have been avoided" (Matter of 200 Cent. Ave., LLC v Board of Assessors, 56 AD3d 679, 680; see Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, 1024; Sullivan v State of New York, 34 AD3d 443, 445; Weiner v MKVII-Westchester, 292 AD2d 597, 598).
Here, the argument raised by the plaintiff on this appeal was not raised in opposition to Islam's cross motion. Furthermore, this new issue does not present a pure question of law appearing on the face of the record which could not have been avoided by factual showings or legal countersteps if raised at the proper juncture (see R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d at 864-865). Inasmuch as the plaintiff has raised no other argument on this appeal, we affirm the order insofar as appealed from (see Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d at 465-466).
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court