Marine Terrace Preserv., L.P. v Arabadjis (2023 NY Slip Op 50298(U))

[*1]

Marine Terrace Preserv., L.P. v Arabadjis

2023 NY Slip Op 50298(U)

Decided on March 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-397 Q C

Marine Terrace Preservation, L.P., Appellant,
against
Philip J. Arabadjis, Respondent, and "John Doe" and/or "Jane Doe", Undertenants. 

Rose & Rose (Phillip L. Wartell of counsel), for appellant.

New York Legal Assistance Group (Holli McClean and Adina Weisberg of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), dated May 26, 2022, deemed from a final judgment of that court entered May 31, 2022 (see CPLR 5512 [a]). The final judgment, insofar as appealed from, upon the decision, after a nonjury trial in a holdover summary proceeding, upon awarding landlord possession, afforded tenant a probationary stay of the execution of the warrant of eviction through January 2, 2025. The decision provided that, if tenant completed this period "without incident," the final judgment and warrant would be vacated.

ORDERED that the final judgment, insofar as appealed from, is reversed, without costs, and so much thereof as afforded tenant a probationary stay of the execution of the warrant of eviction through January 2, 2025 is vacated. Execution of the warrant is stayed, without an opportunity to cure, for 60 days from the date of this decision and order.
Landlord commenced this holdover proceeding alleging that tenant was in material noncompliance with the project-based Section 8 lease, which prohibits behavior adversely affecting "the health or safety of any other persons or the right of any tenant to the quiet enjoyment to the leased premises." Tenant's behavior, which spanned three to four years and [*2]continued until a month prior to the trial, included exposing himself and screaming curse words and threats to "rape" or "kill" neighbors and guests, including children, in the common areas of the building complex, such as the courtyard, and watching television and playing music at an extremely loud volume from 10 p.m. to 6 a.m. After a nonjury trial, in May 2022, the Civil Court found that landlord's "witnesses testified credibly about numerous encounters with [tenant] and how his behavior and words caused them outrage, fear, and stress," and awarded landlord a final judgment of possession. However, the court also granted a stay of execution of the warrant until January 2, 2025, as long as tenant refrained from any of the conduct established at trial, and further provided that "should [tenant] complete this probation period without incident the [final] judgment and warrant should be vacated."[FN1]
Landlord appeals from so much of the final judgment as granted tenant the probationary stay.
The Civil Court erred in granting tenant a probationary stay with an opportunity to cure under the circumstances presented because tenant's behavior was "objectionable" (RPAPL 753 [3]; see Gordon v 476 Broadway Realty Corp., 129 AD3d 547 [2015]; 129th St. Cluster Assoc. v Levy, 54 Misc 3d 128[A], 2016 NY Slip Op 51804[U] [App Term, 1st Dept 2016]; Volunteers of Am.-Greater NY, Inc. v Carr,49 Misc 3d 140[A], 2015 NY Slip Op 51589[U] [App Term, 1st Dept 2015]). However, while the probationary stay was not warranted, we grant tenant a 60-day stay of execution of the warrant in order to allow him time to move.
Tenant further argues that this court should nevertheless uphold the probationary stay as a reasonable accommodation under the Fair Housing Act (see 42 USC § 3604 [f] [3] [B]). This contention is improperly raised for the first time in opposition to landlord's appeal and is not properly before this court, as, contrary to tenant's argument on appeal, it does "not present pure questions of law appearing on the face of the record which could not have been avoided if raised at the proper juncture" (R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 864 [2017]). 
Accordingly, the final judgment, insofar as appealed from, is reversed and so much thereof as afforded tenant a probationary stay of the execution of the warrant of eviction through January 2, 2025 is vacated. Execution of the warrant is stayed, without an opportunity to cure, for 60 days from the date of this decision and order.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 24, 2023

Footnotes

Footnote 1:We note that, in light of the determination of this appeal, we need not pass upon whether it is permissible, in addition to staying or vacating a warrant of eviction (see RPAPL 749 [3]), to vacate a final judgment of possession in a holdover proceeding based upon a tenant's post-judgment cure.